UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

GOODRICH QUALITY THEATERS, INC,

          Debtor.

_____/

Case No. DG 20-00759
Hon. Scott W. Dales
Chapter 11

ORDER TO SHOW CAUSE

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

On February 25, 2020, debtor Goodrich Quality Theaters, Inc. (the "Debtor") purportedly filed a voluntary chapter 11 petition which, although not properly signed, indicated that the Debtor "is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11." *See* Petition (ECF No. 1) at ¶ 8. The Petition also indicates that the Debtor has liabilities in the range of $10 million to $50 million. *See* Petition at ¶ 16.

To be eligible for relief under title 11, a debtor must file a signed petition under penalty of perjury and with authority, and generally with a filing fee. As noted above, the putative petition is unsigned.

To be eligible to proceed as a "small business debtor" under § 101(51D), a debtor's aggregate, noncontingent, liquidated, secured, and unsecured debts as of the date of the filing of the petition cannot exceed $2,725,625.00. Here, the putative petition estimates liabilities well above the small business debtor threshold. Therefore, it appears that the Debtor may not be eligible to proceed under Subchapter V.

Whether a debtor proceeds under Subchapter V of title 11 or under other provisions of that chapter will profoundly affect the prosecution of this case. Among other variables, it will

determine whether a trustee or committee will be appointed at inception, whether specific deadlines and reporting requirements and United States Trustee fees apply, and whether other special procedures of Subchapter V will govern the case. The court regards as imperative an early determination of the Debtor's eligibility to proceed as a small business debtor under Subchapter V, especially where, as here, the petition strongly suggests ineligibility. Moreover, filing a petition without a signature from an authorized representative raises even more substantial questions about eligibility under title 11 more generally.

Finally, the court notes that the putative debtor has failed to file many of the documents generally required to be filed with the petition. The Clerk will address these deficiencies by issuing her standard notices.

To address the court's larger concerns about eligibility, it will conduct a hearing on March 4, 2020 at 11:00 AM in Grand Rapids, Michigan.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor shall appear, through counsel, at a hearing to be held on March 4, 2020 at 11:00 AM in the United States Bankruptcy Court, Courtroom A, One Division N., Grand Rapids, Michigan, and show cause, if any may exist: (i) why the court should not dismiss the putative petition for non-compliance with the signature requirement of Fed. R. Bankr. P. 9011; and (ii) if the court does not dismiss the case, why the court should not find under 11 U.S.C. § 101(51D), Fed. R. Bankr. P. 1007 and the Interim Bankruptcy Rules Related to the Small Business Reorganization Act (adopted per this court's Administrative Order 2020-1) that the Debtor is ineligible for relief as a small business debtor under Subchapter V of title 11.

IT IS FURTHER ORDERED that the court may cancel the hearing if, on or before February 28, 2020, the Debtor files a petition signed in accordance with Fed. R. Bankr. P. 9011 and if the signed petition is amended to remove the election to proceed as a small business debtor under Subchapter V of title 11.

IT IS FURTHER ORDERED that the Clerk shall issue the standard deficiency notices according to her usual practice and procedure.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order to Show Cause pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Tyrone S. Bynum, Esq., all parties requesting notice of these proceedings, and the United States Trustee.

IT IS FURTHER ORDERED that, on or before February 28, 2020, the Debtor shall serve a copy of this Order to Show Cause, electronically or by overnight courier, and file proof of such service, upon the 20 largest creditors included on the list required under Fed. R. Bankr. P. 1007(d).

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 26, 2020**



Scott W. Dales
United States Bankruptcy Judge