UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

GOODRICH QUALITY THEATERS, INC,

Case No. DG 20-00759
Hon. Scott W. Dales
Chapter 11

Debtor.

_____/

DEFINITIVE ORDER FOR DEBTOR−IN−POSSESSION

PRESENT:   HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

The debtor has filed a petition pursuant to Chapter 11 of the Bankruptcy Code. No petition for a trustee has been filed as of this date, and it appears that a definitive order with respect to the debtor's continued operation should be issued,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Authorization. Pursuant to 11 U.S.C. § 363 and § 1108, the debtor is authorized to continue in possession of the assets and effects of the debtor and to carry on normal business until further order of this court. Hereinafter the term "debtor" means "debtor-in-possession."

2. Use of Cash Collateral Prohibited. The debtor will not use cash collateral as defined in § 363 of the Bankruptcy Code, absent the consent of each entity with an interest in the cash collateral, or as authorized by this court. Motions for approval of an agreement for the use of cash collateral must comply with Bankruptcy Rule 4001(d). See LBR 4001-2. Nothing in this Order shall be deemed or construed to authorize the use of cash collateral.

3. Payment of Pre-Petition Debts Prohibited. The debtor will not pay debts incurred prior to the filing of the petition, including taxes, unless such payments are authorized by this court.

4. Payment of Professional Fees. No fees shall be paid to any attorney, appraiser, accountant, auctioneer, or other professional person retained under either § 327 of § 1103 of the Bankruptcy Code unless authorized by order of this court.

5. Purchases and Sales. The debtor may buy and sell merchandise, supplies, and property in the ordinary course of business, provided that the purchases and sales are necessary and essential for its operation. All purchases or sales shall be for cash or for credit not

to exceed thirty (30) days. All purchases or sales not in the ordinary course of business require specific authorization by this court.

6. Bookkeeping. As of the date of entry of the order for relief, the debtor shall close its existing books and open new ones, maintaining a full and accurate accounting with respect to receipts, disbursements, purchases, accounts receivable, and accounts payable.

7. Authorized Bank Accounts.

    (a) The debtor shall close existing bank accounts and shall open new accounts in the name of the debtor at a financial institution approved by the United States Trustee. All cash assets of the debtor shall be transferred to and held in authorized debtor-in-possession accounts. The debtor shall maintain a segregated tax escrow account for the payment of taxes.

    (b) The debtor's checks shall bear the term "debtor-in-possession" and the debtor's case number.

    (c) Financial institutions which open accounts for any debtor-in-possession shall comply with § 345(b) of the Bankruptcy Code.

8. Tax Escrow Requirements.

    (a) Within thirty (30) days of the entry of this order, the debtor shall file all tax returns which were delinquent as of the date of filing of this case. The debtor shall pay all federal, state, and local tax liabilities incurred after the filing of the case, including property taxes, as they become due, and shall file all reports, returns, or other documents required to be filed on the dates due. Pre-petition taxes shall not be paid unless payment is authorized by this court. The debtor shall pay federal taxes using depository receipts and shall file returns as required by Internal Revenue Service regulations.

    (b) Pending payment of taxes, the debtor shall deposit all funds necessary to pay its taxes, whether federal, state, or local, in its segregated tax escrow account. This includes those taxes which applicable law requires the debtor to collect from others and to pay over to the taxing authority (e.g., funds due the Internal Revenue Service under §§ 3102, 3402(a), 3111, and 3301 of the Internal Revenue Code of 1986). All taxes of any description should be paid from the tax escrow account.

9. United States Trustee. The debtor shall furnish to the United States Trustee such reports and information as the United States Trustee may reasonably require to supervise the administration of the estate. Such reports shall be signed by the debtor or an authorized representative who shall assure their accuracy and attest to it. The originals of such reports and information shall be filed with the Clerk of the Court. Copies shall be served

upon the Office of the United States Trustee, The Ledyard Building, 2nd Floor, 125 Ottawa, N.W., Suite 200R, Grand Rapids, Michigan 49503, and upon the chair and attorneys for any committees that may have been appointed in this case.

10. Salaries and Draws. Within fourteen (14) days of the filing of the petition, the debtor shall file with the Clerk of the Court a schedule of proposed salaries to be paid to senior management employees and draws to be paid to equity interest holders. A copy of this schedule shall be served upon the United States Trustee, and the chair and attorneys of any committee appointed in the case. The proposed salaries and draws are approved and may be paid until and unless this court shall decide otherwise. No changes may be made in these payments unless an amended schedule is filed. An amended schedule is subject to the same notice and objection procedures as the original schedule.

11. Required Insurance.

    (a) The debtor shall maintain adequate insurance coverage on all assets of the estate and shall maintain insurance for the protection of its employees and customers.

    (b) No debtor shall use uninsured assets of the estate in the operation of its business without the permission of this court, nor shall any debtor continue business operations without adequate insurance coverage.

    (c) The debtor shall file a schedule of insurance coverage within fourteen (14) days of the filing of the petition.

12. Special Provisions for Corporate Debtors. In the event that the debtor is a corporation, all present and future officers, directors, and controlling shareholders of the debtor are personally responsible for ensuring that the debtor complies with this and all future orders of this court. Any change of officers or directors shall be reported in writing to the Clerk of the Court and the United States Trustee within fourteen (14) days of such change.

13. Plan Date. The debtor should be prepared to provide a meaningful date for the filing of a plan of reorganization and disclosure statement at the United States Trustee's request at any initial debtor's conference or section 341 meeting conducted by the United States Trustee in this case. Failure to agree to a meaningful plan and disclosure statement filing date may constitute unreasonable delay prejudicial to creditors and serve as grounds for conversion of this case to a Chapter 7 proceeding.

14. Amendments. This Order is subject to amendment by the court at its own initiative or upon the motion of any interested party.

15. Service. This Order shall be served in person or by first-class United States mail upon the following by the Clerk of the Court.

    (a) Debtor-In-Possession;

    (b) Attorney for the Debtor-In-Possession;
    (c) Internal Revenue Service, Special Procedures Section;
    (d) Michigan Department of Treasury;
    (e) Michigan Employment Security Commission;
    (f) Entities requesting notice of this proceeding; and
    (g) The United States Trustee.

This Order shall be served in person or by first-class United States mail upon the following by the Office of the United States Trustee:

    (a) each bank holding an authorized account of the debtor;
    (b) the chair of any committees appointed in the case;
    (c) the attorneys for any committees appointed in the case;
    (d) all present officers, directors, and controlling entities of the debtor, if any, and upon their successors upon notification of their appointment.

The United States Trustee will file a proof of service with regard to service of these parties with the Clerk of the Bankruptcy Court.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 26, 2020**



_____
Scott W. Dales
United States Bankruptcy Judge