UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

GOODRICH QUALITY THEATERS,

Debtor.

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

## MOTION FOR EMERGENCY TELEPHONIC HEARING AND TO APPROVE EMERGENCY DEBTOR IN POSSESSION LOAN

NOW COMES CIBC BANK USA, as Administrative Agent, Lead Arranger and Lender ("Agent"), on behalf of itself, Macatawa Bank as Lender ("Macatawa"), and Independent Bank as Lender ("Independent") (CIBC, Macatawa, and Independent, the "Lenders"), by and through its attorneys Varnum LLP, and the above-captioned Debtor, by and through its counsel, for their *Joint Motion for Emergency Telephonic Hearing and to Approve Emergency Debtor in Possession Loan* (the "Motion") states as follows:

1. The Debtor filed a Chapter 11 petition on February 25, 2020 (the "Petition Date").

2. The above-captioned Debtor owns and operates approximately twenty-nine (29) movie theaters primarily located in west Michigan,[1] with hundreds of employees and a headquarters building located in Grand Rapids.

---

[1] Four (4) theaters are located in Indiana and one (1) in Illinois. The Debtor is also a party to a joint venture in Florida that operates one movie theater. Approximately sixteen (16) of the
(continued...)

16053025_1.DOC

3. Prior to the Petition Date, Debtor, Agent and the Lenders entered into that certain *Second Amended and Restated Credit Agreement* dated September 27, 2018, as amended by a *Limited Waiver and First Amendment to Second Amended and Restated Credit Agreement and Loan Documents* dated November 15, 2019 (as so amended and as it may be further amended or supplemented from time to time, the "Credit Agreement").[2]

4. To secure the obligations under the Notes and the Credit Agreement, Debtor executed a Collateral Agreement which grants to Agent a security interest in substantially all of the assets of the Debtor. The Agent's security interest in the Collateral was and is duly perfected by the filings of UCC-1s for the Debtor with the Secretary of State for the States of Michigan. Included in the Collateral are secured interests in all of the real property owned by the Debtor, perfected by validly recorded mortgages. Certain other parties have also filed liens against miscellaneous leased or financed equipment or personal property at specific locations. The Debtor's owner also guaranteed Debtor's payment of the Obligations pursuant to a certain *Continuing Unconditional Guaranty,* as reaffirmed from time to time.

---

(continued...)

theaters are leased, and the Debtor owns the real estate underlying the remainder of the theaters, which are subject to valid recorded mortgage interests of the Agent.

[2] Capitalized terms shall have the meanings as set forth in this Complaint or if not defined herein, the meanings ascribed to such terms in the Loan Documents (as defined in the Credit Agreement).

5.  Prior to the Petition Date, the Debtor defaulted under the Credit Agreement and, *inter alia*, entered into a Forbearance Agreement with the Debtor. Pursuant to the Forbearance Agreement, Debtor retained Brent I. Kugman of Kugman Partners as its Chief Restructuring Officer (the "CRO") and continued to retain Stout Risius Ross, LLC as its investment banker (the "IB") to assist the Company in managing its finances and conducting a going concern sale process to preserve the value of its assets.  The CRO and the IB were terminated prior to the Petition Date.

6.  Prior to the Petition Date, on February 24, 2020, Agent sent Debtor a *Notice of Acceleration and Demand* notifying Debtor that New Defaults had occurred under the Forbearance Agreement, and that as a result of the New Defaults (as defined in the Forbearance Agreement), the entire remaining unpaid balance of the Obligations was accelerated and declared to be immediately due and payable in full, with the amount owing on the Obligations as of February 24, 2020 as follows: $29,580,339.00 of principal, plus accrued interest in the amount of $99,577.19, plus certain fees, interest, costs and expenses.  Debtor was also advised that Agent was immediately setting-off the Debtor's accounts at Agent and would apply the amounts in such accounts to the Obligations.

7.  Prior to the Petition Date, the Debtor opened up other bank accounts, including one or more accounts at Fifth Third Bank.

8. Post-Petition, employee-related obligation, including wages, benefits, and taxes that arose prior to the Petition Date have come due on or before this Friday, February 28, 2020 in the amount of not less than $324,305.98 (the "Post-Petition Employee Obligations").

9. If the Post-Petition Employee Obligations are not funded immediately, there will be permanent and irreparable harm caused to the value of the assets of the Debtor caused by expected self-termination of the Debtor's employees and a cessation of its business operations.

10. After expedited discussions between the Debtor and the Agent, the Agent is willing to make an emergency interim Debtor-in-Possession loan pursuant to 11 U.S.C. § 364(d) on a senior basis (the "First Interim DIP Loan") and pursuant to the following terms:

    A. Debtor will re-engage both the CRO and IB no later than Noon tomorrow.

    B. Debtor agrees to conduct a 363 Sale process in this case to conclude no later than a date to be determined in consultation with CRO, IB, and the Debtor, and agrees to file a motion to approve bidding procedures no later than March 6.

    C. Agent and Debtor will ask the Court for an emergency hearing next week for approval of a Second Interim DIP Loan that will be based on a revised budget that the CRO will prepare, and will ask the Court at the time to set a

hearing for a Final DIP Order that would provide funding for the duration of the sale process.

       D.     Debtor agrees to use the $36,000 in the flex account in accordance with their third party provider.

       E.     Debtor agrees to immediately transfer all funds from its 5/3 account to the Agent's account and close that account.

       F.     The Agent agrees to continue to have good faith discussions with the Debtor and the Debtor's principal in this matter.

       G.     Debtor will file motion, as soon as possible, for a first day order allowing Debtor to pay pre-petition employee obligations.

       H.     For clarity, the Debtor's principal is not prohibited from being an active potentially interested party in the 363 sale process.

     11.     The above agreement has been reached by the Agent and the Debtor on an expedited basis to avoid imminent and irreparable harm to the estate, the Debtor and the Agent respectfully requests that this Court grant the relief requested herein and such other relief as this Court deems appropriate and necessary under the circumstances.  The parties will upload a proposed order as soon as possible.

     12.     The Agent and the Debtor reserve all of their rights with respect to this matter except as provided herein.

     13.     Given the expedited nature and urgency of this matter, the Debtor and Agent also request that the Court consider this a separate motion to shorten the

notice period and schedule an emergency hearing on this Motion. LBR 9013(h) provides that an "emergency' is a matter that requires a hearing in less than 7 days, and that involves an injury which outweighs procedural concerns. If a motion requires an emergency hearing, a separate motion for the emergency hearing must be filed." LBR 9013(h)(1) further requires "sufficient information for the Court to schedule an emergency hearing (*e.g.,* why relief is needed immediately and why affected parties will not be prejudiced if a hearing is held with only limited notice)." For the reasons stated above, cause exists to shorten notice on the Motion pursuant to Fed. R. Bankr. P. 9006(c)(1) and LBR 9013(h) to reduce the notice periods required by the Federal Rules of Bankruptcy Procedure.

**14.  Debtor and Agent therefore request that this Court hold the hearing on this Motion telephonically on the morning of February 27, 2020.**

        Respectfully submitted,

        VARNUM LLP

        By:  */s/ Brendan G. Best*
            BRENDAN G. BEST  (P66370)
            160 W. Fort St., 5th Floor
            Detroit, MI  48226
            (313) 481-7300
            bgbest@varnumlaw.com

Dated:  February 26, 2020       *Attorneys for Agent*

        LAW OFFICES OF TYRONE BYNUM PLLC

        By:  */s/ Tyrone S. Bynum*
            TYRONE S. BYNUM  (P82427)

|  |  |
|---|---|
| Dated:  February 26, 2020 | 161 Ottawa Ave. NW, Ste. 309<br>Grand Rapids, MI  49503<br>(616) 682-5476<br>tyrone@LawOfficesofTyroneBynumPLLC.com |