UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

    Goodrich Quality Theaters, Inc..    Case No. DG 20-00759
                                                      Chapter 11
                            Debtor. /    Honorable Scott W. Dales

OBJECTION OF THE UNITED STATES TRUSTEE
TO MOTION FOR EMERGENCY TELEPHONIC HEARING AND
TO APPROVE EMERGENCY DEBTOR IN POSSESSION LOAN

Andrew R. Vara, United States Trustee for Regions 3 and 9, pursuant to his authority under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3), objects to the Motion for Emergency Telephonic Hearing and to Approve Emergency Debtor in Possession Loan [D.I. 10] (the "DIP Motion").[1] In support of this objection, the United States Trustee states:

    1.    On February 25, 2020, Goodrich Quality Theaters, Inc. filed a voluntary Chapter 11 petition in which it elected treatment under Subchapter V of chapter 11. *See* D.I. 1 (Petition at item 8).

    2.    On February 26, 2020, the Court entered an Order to Show Cause raising concerns about the debtor's eligibility for Subchapter V, observing that no one signed the Chapter 11 petition on behalf of the debtor, and scheduling a show cause hearing for March 4, 2020 at 11:00 a.m.

    3.    After 5:00p.m. on February 26, 2020, the DIP Motion was filed and in it the debtor and its lead lender request a telephonic hearing on the morning of February 27, 2020.

---

1 Given the expedited consideration of the DIP Motion, the United States Trustee reserves the right to raise additional objections and arguments at any hearing on the DIP Motion and to supplement this objection in writing at a later date.

4.      Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Code[2].   The UST has standing to be heard pursuant to 11 U.S.C. § 307.

5.      As an initial matter, the United States Trustee objects to the DIP Motion to the extent the debtor seeks relief from this Court before it corrects the serious deficiency of not having signed the Chapter 11 petition.

6.      The United States Trustee objects to the DIP Motion for the following procedural reasons, among others:

   a.   The DIP Motion does not satisfy the requirements of Local Bankruptcy Rule 4001-2, including "explicitly stating the adequate protection offered the creditor and the moving party's position as to the value of each of the secured interests to be protected."   LBR 4001-2(a).   Paragraph 10 of the DIP Motion generically states that the Agent is willing to make a loan "on a senior basis".

   b.   The DIP Motion is not accompanied by a cover sheet as required by Local Bankruptcy Rule 4001-2(b).

   c.   No proposed order accompanies the DIP Motion as contemplated by Local Bankruptcy Rule 4001-2(c) and as required by Local Bankruptcy Rule 9013.

---

[2] This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-6 (3d Cir. 1994)(noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest);  *Morgenstern v Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990)(describing the UST as a "watchdog").

      d.      As of the filing of this objection, there is no certificate of service for the DIP Motion. Federal Rule of Bankruptcy Procedure 4001(c)(1)(C) and (d)(1)(C) contain specific service requirements. Service and notice to parties in interest appears to be all the more important with respect to this motion because, among other things, (i) the lead lender/agent appears to be improving its position over its co-lenders for the existing credit facilities; (ii) paragraph 4 of the DIP Motion acknowledges that "[c]ertain other parties" have liens on the debtor's property; and (iii) paragraph 10.D. of the DIP Motion discloses that the debtor must pay $36,000 to some undisclosed "third party provider" from the proposed loan.

      e.      The United States Trustee appreciates that the debtor may be negotiating terms of a proposed order with the lead lender. As of the time of the filing of this objection, however, a copy or draft of a proposed order on the DIP Motion has not been provided to the undersigned.

7.      The DIP Motion does not explicitly request any relief from the Court. Rather, it appears that the debtor and the lead lender have come to an understanding of the outline of a potential loan that may be proposed next week and that an advance of funds is required this week to make payroll.

8.      The United States Trustee also objects to the substance of the DIP Motion for the following reasons, among others:

      a.      To the extent the debtor seeks to pay pre-petition compensation to employees, it must file a separate motion seeking the Court's approval to

        do so.   The DIP Motion does not explain whether such payroll would include any insiders.   Moreover, any such motion should satisfy the requirements of Sections 507(a)(4) and (a)(5).

b. Typically, requests for post-petition credit are accompanied by an agreed budget between a debtor and its lender(s).   The DIP Motion has the outline for certain parts of a possible budget, but vague potential line items payable to undisclosed parties for a non-existing budget is not acceptable.

c. The "senior basis" loan is vague and may impair the rights of other parties.

d. The other "terms" set forth in subparts to paragraph 10 are incomplete and objectionable.   For example, no pre-approval for the retention of a CRO or investment banker or a Section 363 sale process should be permitted in the context of a first day loan.   In addition, it is unclear whether the debtor has established DIP bank accounts and paragraph 10.E. would require the debtor to move funds to pre-existing, pre-petition accounts, which are not DIP bank accounts.

e. The DIP Motion and proposed senior secured loan make no provision for a carve out for administrative expenses, such as professional fees and expenses for counsel for the debtor, the Subchapter V trustee, and any other professionals that may be retained in the case, or for the payment of quarterly fees if this case proceeds outside of Subchapter V.

9.    To the extent the Court is inclined to grant any relief, any interim relief should be granted only to the extent necessary to avoid immediate and irreparable harm.    Fed. R. Bankr. P. 6003(b).

WHEREFORE, the United States Trustee requests that the Court declined to grant the requested relief, or that the Court grant such other relief as may be appropriate under the circumstances.

                                                        Respectfully submitted,
                                                        ANDREW R. VARA
                                                        United States Trustee
                                                        Regions 3 and 9

Date:_____

                                      By:_____
                                       By: */s/ Michael V. Maggio*
                                        Michael V. Maggio
                                        Trial Attorney
                                        Office of the United States Trustee
                                        United States Department of Justice
                                        The Ledyard Building, Second Floor
                                        125 Ottawa Avenue NW, Suite 200R
                                        Grand Rapids, Michigan 49503
                                        Tel: (616) 456-2002, ext. 114