UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

GOODRICH QUALITY THEATERS, INC,

Case No. DG 20-00759
Hon. Scott W. Dales
Chapter 11

     Debtor.

_____/

ORDER REGARDING EMERGENCY LOAN

PRESENT:    HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

On February 27, 2020, the court conducted an emergency hearing on the Motion for Emergency Telephonic Hearing and to Approve Emergency Debtor in Possession Loan (ECF No. 10, the "Motion") on exceedingly short notice. The Debtor and CIBC Bank USA ("CIBC") jointly filed the Motion. The Debtor, the United States Trustee, CIBC, Macatawa Bank, and Spirit Master Funding X LLC all appeared through counsel. Kelly M. Hagan, Subchapter V trustee, appeared *pro se*.

After listening to the arguments of counsel, the court expressed its unwillingness to grant the Motion as filed, given the patent noncompliance with the court's rules, absence of details regarding the proposed loan, absence of evidentiary support, and inadequate notice to entities who might be adversely affect, among other concerns (many of which the United States Trustee identified in the Objection of the United States Trustee to Motion for Emergency Telephonic Hearing and to Approve Emergency Debtor in Possession Loan, ECF No. 12). For example, some of the proposed terms involving bank accounts contradicted the Definitive Order for Debtor-in-Possession (ECF No. 5), others involving estate professionals ignored disclosure and retention requirements of 11 U.S.C. § 330, and still others were ill-defined or illusory.

Nevertheless, and without meaningful contradiction from other participants, counsel for the Debtor and CIBC persuaded the court that failing to meet the payroll obligations due later in the day would severely compromise the going concern value of the bankruptcy estate – without meeting payroll, counsel reasonably predicted that employees would be unwilling to continue in service.  The court regards the dire consequences of not funding payroll, even including to some extent prepetition obligations, as self-evident. The impact would be visited not just on employees, but on other stakeholders dependent on the Debtor's value as a going concern.

After the Debtor and CIBC rejected the possibility of striking the petition under Fed. R. Bankr. P. 9011 (for want of signature) and dismissing the case as a means of buying greater flexibility in crafting the terms of additional financing, the court announced its willingness only to approve a loan, on an unsecured basis, with a resulting post-petition claim allowable (but not automatically allowed) under § 503(b). *See* 11 U.S.C. § 364(b).  The court conditioned such an order upon the filing of evidentiary support for the amount of the loan and CIBC's willingness to make it.  *See* Declaration of Hugh Wilder dated Feb. 27, 2020 (ECF No. 15).  The court regards the declaration as establishing the amount necessary to prevent irreparable harm to the estate, pending a final hearing to be scheduled after the Debtor and CIBC amend, support, and prosecute the Motion in accordance with the Bankruptcy Code and Rules.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED in part on an interim basis as provided herein.

IT IS FURTHER ORDERED that the Debtor may incur an unsecured obligation to CIBC in the amount of $402,430.42, allowable as an administrative expense under § 503(b), as contemplated in § 364(b), to fund employee-related obligations, including wages, benefits, and

taxes that arose prior to the Petition Date and have come due on or before this Friday, February 28, 2020 in the amount of not less than $402,430.42 (the "Post-Petition Employee Obligations"), and the Debtor is authorized to use the loan proceeds to pay the Post-Petition Employee Obligations.

IT IS FURTHER ORDERED that the Debtor shall promptly contact the courtroom deputy to schedule a final hearing under Fed. R. Bankr. P. 4001(c)(2) to consider the balance of the relief requested in the Motion as filed, or to be amended.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Tyrone S. Bynum, Esq., Brendan Best, Esq., Kelly Hagan, Esq., Timothy Hillegonds, Esq., all parties requesting notice of these proceedings, and the United States Trustee.

IT IS FURTHER ORDERED that, on or before February 28, 2020, the Debtor shall serve a copy of this Order, electronically or by overnight courier, and file proof of such service, upon the 20 largest creditors included on the list required under Fed. R. Bankr. P. 1007(d).

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 27, 2020**



Scott W. Dales
United States Bankruptcy Judge