UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

**GOODRICH QUALITY THEATERS**, **INC.**

Debtor.

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

_____/

### INTERIM ORDER APPROVING EMERGENCY STIPULATED MOTION TO AUTHORIZE THE *DEBTOR TO USE CERTAIN CASH COLLATERAL*

Upon the *Emergency Stipulated Motion to Authorize the Debtor to Use Certain Cash Collateral* (the "Motion") (Doc. No. 67), dated March 3, 2020, of the above-captioned Debtor seeking entry of this Order authorizing the Debtor to use the Cash Collateral (as such term is defined in the Motion) and granting adequate protection to Prepetition Lenders (as defined as CIBC Bank USA ("Agent", together with Macatawa Bank, and Independent Bank) with respect the use and diminution in the value of the Prepetition Collateral,[1] including Cash Collateral, pending a final hearing on the Motion (the "Final Hearing"); the Court having considered the Motion, the exhibits attached thereto, and a hearing to consider approval of the Motion having been held on March 4, 2020 and continued and concluded on March 6, 2020 (the "Interim Hearing"); and the Court having entered its *Memorandum of Decision and Order* (Doc. No. 80) on March 4, 2020 ("Memorandum and Decision"); and based upon all of the pleadings filed with the Court and all of the proceedings held before the Court; and after due deliberation and consideration and good and sufficient cause appearing therefor; the Court hereby finds, determines, order and adjudges:[2]

---

[1] All capitalized terms used but not defined in this Order have the meanings ascribed to those terms in the Motion.
[2] To the extent any findings of fact constitute conclusions of law, they are adopted as such, and vice versa, pursuant to

1. The *Memorandum and Decision* is incorporated herein, in relevant part, as if set forth in full.

2. The Motion is granted to the extent set forth in this Order.

3. It is in the best interests of the Debtor's estate that it be allowed to use the Cash Collateral and other Prepetition Collateral under the terms and conditions set forth herein. The relief requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtor's estate, and good, adequate and sufficient cause has been shown to justify the granting of the relief requested herein, and the immediate entry of this Order.

4. Subject to the terms and conditions set forth in this Order, the Debtor is authorized, pursuant to section 363(c)(2) of the Bankruptcy Code, to use Cash Collateral, through March 13, 2020, up to the maximum amount and exclusively for the purposes set forth on **Amended Exhibit 3** that was presented to the Court at the March 6 Hearing and subsequently filed with the Court on the docket of this case.

5. The Prepetition Lenders are entitled, under sections 363(e) to adequate protection of their interest in the Prepetition Collateral, including for the Debtor's use of Cash Collateral, for and equal in amount to the aggregate diminution in the value of the Prepetition Lenders' interest in the Prepetition Collateral, including Cash Collateral, that occurs on and after the Petition Date, by reason of: (i) the use, sale or lease of the Prepetition Collateral; (ii) the imposition of the automatic stay under section 362 of the Bankruptcy Code; and (iii) the use of the Cash Collateral (the "Adequate Protection Obligations").

6. The Prepetition Lenders are hereby provided with the following forms of adequate protection:

---

Rule 7052.

    i. Additional and replacement liens on all existing and all after-acquired, created or arising property of the estate to secure the Adequate Protection Obligations (the "<u>Adequate Protection Liens</u>").

    ii. Allowed, super-priority claims under section 507(b) of the Bankruptcy Code against the Debtor's estate in the amount of the Adequate Protection Obligations (the "<u>Adequate Protection Claims</u>").

    iii. An adequate protection cash payment pursuant to 11 U.S.C. 361(1) in the amount of $362,621.96.

  7. With respect to adequate protection in the form of the Debtor's statement approving the Lenders' perfected status, the Court will not disturb that statement as it applies to adequate protection for diminution between March 6, 2020 and the March 12, 2020 hearing, and an official committee shall have the right to challenge the Lenders' security interests, validity, perfection, and otherwise, on or before forty-five (45) days after its formation.

  8. *Notice.* The Debtor shall, on or before March 6, 2020, serve by ECF Service, or by United States mail, first class postage prepaid, on the Interim Notice Parties copies of the Motion, this Order and a notice of the Final Hearing (the "<u>Final Hearing Notice</u>") to be held on March 12, 2020, at 3:00 p.m. to consider entry of the Final Order. Copies of the Motion, this Order and the Final Hearing Notice also shall be served upon all persons requesting service of papers pursuant to Bankruptcy Rule 2002 by ECF Service or by United States mail, first class postage prepaid within one business day following the receipt of such request. The Final Hearing Notice shall state that any party in interest objecting to the entry of the Final Order shall file written objections with the Court no later than 5:00 p.m. on, March 10, 2020, which objections shall be served so that the same are received on or before such date and time by: (a) Keller & Almassian, PLC, 230 E. Fulton St., Grand

Rapids, MI 49503, Todd Almassian, Esq., proposed counsel to the Debtor (b) Varnum LLP, 160 W. Fort St., 5th Floor, Detroit, MI 48226, Brendan G. Best, Esq., counsel to the Prepetition Agent; (c) Jonathan S. Green, Esq., counsel to Prepetition Lender Independent Bank, Miller Canfield, 150 West Jefferson, Suite 2500, Detroit, MI 48226; (d) Timothy Hillegonds, Esq., counsel to the Prepetition Agent Macatawa Bank, Warner Norcross + Judd LLP, 1500 Warner Building, 150 Ottawa Avenue NW, Grand Rapids, MI 49503; and (e) the Office of the United States Trustee, 125 Ottawa NW, Ste. 200R, Grand Rapids, MI 49503.

9. ***Binding Effect; Successors and Assigns***. This Order is hereby deemed effective immediately upon its entry pursuant to Federal Bankruptcy Rules of Procedure §6004(h). The provisions of this Order shall be binding upon and inure to the benefit of each Prepetition Lender and the Debtor and their respective successors and assigns, including any chapter 7 trustee or other trustee or fiduciary hereafter appointed as a legal representative of the Debtor or with respect to the property of the estates of the Debtor in a Successor Case.

10. Authorization to use Cash Collateral shall expire upon the earlier of a further order of this Court or at the conclusion of the Final Hearing.

**END OF ORDER**

**IT IS SO ORDERED.**

**Dated March 6, 2020**



_____
Scott W. Dales
United States Bankruptcy Judge