UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

    Debtor

                                                                      /

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO AMEND THE MEMORANDOM OF DECISION AND ORDER [DN 80] PURSUANT TO 11 U.S.C. § 105(A) AND 363(B) AUTHORIZING DEBTOR TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS LIONSGATE, STX, UNIVERSAL FILM EXCHANGES, WARNER BROTHERS, AND GRANTING RELATED RELIEF**

Upon the Emergency Motion dated March 5, 2020 (the "Emergency Motion") of Goodrich Quality Theaters, Inc. (the "Debtor"), to amend the memorandum of decision and order (Docket No. 80) pursuant to 11 U.S.C. §§ 105(a) and 363(b) authorizing the Debtor to pay claims of critical vendors Lionsgate, STX, Universal Film Exchanges, and Warner Brothers (collectively, "Critical Vendors"); and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Emergency Motion has been provided to the United States Trustee for the Western District of Michigan, the Debtor's secured creditors, and all parties receiving notice via ECF, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interest of the Debtor, its creditors, and the estate; and upon the proceedings had before the Court; and after due deliberation and sufficient cause therefore it is hereby:

**ORDERED** that the Motion is granted and Debtor is authorized, under Section 105(a) of the Bankruptcy Code, to pay STX its pre-petition claim in the approximate amount of $113,454.32 by wire transfer upon entry of this Order; it is further

**ORDERED** that pursuant to sections 105(a) and 363(b) for the Bankruptcy Code and Bankruptcy Rule 9019, the Debtor is authorized to enter into agreements, substantially similar to the exhibits attached to the Motion, with the Critical Vendors for any and all claims and causes of action, including, but not limited to, those under Chapter 5 of Title 11 of the United States Code (the "Bankruptcy Code") to be waived by the Company and the bankruptcy estate of the Company against Universal, provided that the Official Committee of Unsecured Creditors will have forty-five (45) days from the date of its formation to determine whether to be bound by this waiver.

**ORDERED** that the Motion is granted and Debtor is authorized, under Section 105(a) of the Bankruptcy Code, to pay Universal Film Exchanges its pre-petition claim in the approximate amount of $467,116 by wire transfer upon entry of this Order, and provide for the terms regarding potential Chapter 5 claims as attached; it is further

**ORDERED** that the Motion is granted and Debtor is authorized, under Section 105(a) of the Bankruptcy Code, to pay Lionsgate its pre-petition claim in the approximate amount of $52,281.69 by wire transfer upon entry of this Order; it is further

**ORDERED** that the Motion is granted and Debtor is authorized, under Section 105(a) of the Bankruptcy Code, to pay Warner Brothers its pre-petition claim in the approximate amount of $24,362.77 by wire transfer upon entry of this Order, and provide for the terms regarding potential Chapter 5 claims as attached; it is further

**ORDERED** that the Debtor shall, on or before March 9, 2020, serve by ECF Service, or by United States mail, first class postage prepaid, on the Interim Notice Parties copies of the Motion, this Order and a notice of the Final Hearing (the "Final Hearing Notice") to be held on April 1, 2020, at 11:00 a.m. to consider entry of the Final Order. Copies of the Motion, this Order

and the Final Hearing Notice also shall be served upon all persons requesting service of papers pursuant to Bankruptcy Rule 2002 by ECF Service or by United States mail, first class postage prepaid within one business day following the receipt of such request. The Final Hearing Notice shall state that any party in interest objecting to the entry of the Final Order shall file written objections with the Court no later than 4:00 p.m. on March 30, 2020, which objections shall be served so that the same are received on or before such date and time by: (a) Keller & Almassian, PLC, 230 E. Fulton St., Grand Rapids, MI 49503, Todd Almassian, Esq., proposed counsel to the Debtor (b) Varnum LLP, 160 W. Fort St., 5th Floor, Detroit, MI 48226, Brendan G. Best, Esq., counsel to the Prepetition Agent; (c) Jonathan S. Green, Esq., counsel to Prepetition Lender Independent Bank, Miller Canfield, 150 West Jefferson, Suite 2500, Detroit, MI 48226; (d) Timothy Hillegonds, Esq., counsel to the Prepetition Agent Macatawa Bank, Warner Norcross + Judd LLP, 1500 Warner Building, 150 Ottawa Avenue NW, Grand Rapids, MI 49503; and (e) theOffice of the United States Trustee, 125 Ottawa NW, Ste. 200R, Grand Rapids, MI 49503; it is further

**ORDERED** that should information be discovered regarding the actual pre-petition claims of the Critical Vendors that require adjustment, through the date of the Final Hearing, the Debtor's CFO may file an Affidavit with this Court identifying the adjustments to be made and may make those adjustments upon filing such Affidavit.

**ORDERED** that cause exists to waive the mandatory 21-day notice required by Fed. R. Bankr. P. 6003 in order to avoid immediate and irreparable harm to the Debtor's estate; it is further

**ORDERED** that cause exists to waive the mandatory 14-day stay required by Fed. R. Bankr. P. 6004(h); and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

## END OF ORDER

**IT IS SO ORDERED.**

**Dated March 6, 2020**



_____
Scott W. Dales
United States Bankruptcy Judge