## UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

       Debtor

_____/

Case No. 20-00759-swd

Chapter 11

Hon. Scott W. Dales

### DECLARATION OF MICHAEL KRAKOVSKY IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) TO EMPLOY AND RETAIN STOUT RISIUS ROSS ADVISORS, LLC AS INVESTMENT BANKER EFFECTIVE AS OF MARCH 1, 2020

Pursuant to 28 U.S.C. § 1746, I, Michael Krakovsky, being duly sworn, declares as follows:

1. I am a Managing Director and Head of Special Situations at Stout Risius Ross Advisors, LLC ("**Stout**"). I submit this declaration on behalf of Stout (the "**Affidavit**") in support of the Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a) to Employ and Retain Stout Risius Ross Advisors, LLC as Investment Banker to the Debtor Effective as of March 1, 2020 (the "**Application**"), which was filed by Goodrich Quality Theaters, Inc. (the "**Debtor**") on the terms and conditions set forth in the Application and the engagement letter between the Debtor and Stout (the "**Engagement Letter**") attached hereto as **Schedule 1**. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### Qualifications

2. Stout is a leading middle-market advisory firm with offices in fifteen (15) U.S. cities specializing in, among other things, investment banking services, valuation, management

consulting, dispute advisory, transaction opinions, financial and operational restructuring, and capital raising.

3. The Debtor propose to retain Stout to provide professional services set forth in the Application.

## Services

4. As set forth in the Engagement Letter, Stout will serve as the Debtor's investment banker to facilitate a sales process of the Debtor's assets, which may include the following:[1]

> (i) assisting the Debtor in the development, preparation and distribution of selected information, documents and other materials in an effort to create interest in and to consummate any Transaction(s),[2] including, if appropriate, assisting the Debtor in the preparation of an offering memorandum;
>
> (ii) soliciting and evaluating indications of interest and proposals regarding any Transaction(s) from current and/or potential equity investors, acquirers and/or strategic partners (collectively, "Investors");
>
> (iii) assisting the Debtor with the development, structuring, negotiation and implementation of any Transaction(s), including participating as a representative of the Debtor in negotiations with creditors and other parties involved in any Transaction(s);

---

[1] The summary of the Engagement Letter in this Application is qualified in its entirety by reference to the provisions of the Engagement Letter. To the extent there is any discrepancy between the summary contained in this Application and the terms set forth in the Engagement Letter, the terms of the Engagement Letter shall govern. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Engagement Letter.

[2] Per the Engagement Letter, "Transaction" means: "As used in this Agreement, the term "Transaction" shall mean any transaction or series of related transactions that constitute the disposition to one or more third parties (including, without limitation, any person, group of persons, partnership, corporation or other entity, and also including, among others, any of the existing owners, shareholders, employees, or creditors of any entity comprising the Company) in one or a series of related transactions of (a) all or more than a majority of the equity securities of any entity comprising the Company, (b) any significant portion of the assets (including the assignment of any executory contracts) or operations of any entity comprising the Company or any joint venture or partnership or other entity formed by it, in either case, including, without limitation, through a sale or exchange of capital stock, options or assets with or without a purchase option, a merger, consolidation or other business combination, an exchange or tender offer, credit bid by senior lenders, a recapitalization, the formation of a joint venture, partnership or similar entity, or any similar transaction, including, without limitation, any sale transaction under Sections 363, 1129 or any other provision of Title 11, United States Code (11 U.S.C. §§ 101 et seq.) (the "Bankruptcy Code"). A Transaction shall not include any transaction or disposition of assets where no qualifying bids are submitted in connection with bidding procedures approved in the Chapter 11 Case and thereafter any Secured Lender exercises its rights against such assets including through foreclosure, credit bid under section 363(k) of the Bankruptcy Code, or otherwise."

(iv) advising and attending meetings of the Debtor's Board of Directors, creditor groups, official constituencies and other interested parties, as the Debtor and Stout determine to be necessary or desirable;

(v) providing expert advice and testimony regarding financial matters related to any Transaction(s), if necessary; and

(vi) providing such other customary financial advisory and investment banking services as may be agreed upon by Stout and the Debtor in connection with the Transaction.

5. I believe that I and the members and associates of Stout who may perform services in the Chapter 11 Case are well qualified to perform the services requested by the Debtor.

## Compensation

6. Stout's decision to advise and assist the Debtor in connection with the Chapter 11 Case is subject to its ability to be retained in accordance with the terms of the Engagement Letter pursuant to section 328(a), and not section 330, of the Bankruptcy Code.

7. In consideration of the services provided by Stout, and as more fully described in the Engagement Letter, subject to the Bankruptcy Court's approval, the Debtor and Stout have agreed that Stout shall, in respect of its services, be compensated pursuant to the Fee Structure and Transaction Fee Structure pursuant to its Engagement Agreement attached as Schedule 1 to Exhibit A.

8. The Debtor has agreed to reimburse Stout for its reasonable out of-pocket expenses incurred from time to time, but in no event shall Stout exceed $35,000 in total reimbursable expenses during the term of this engagement without prior written consent of the Company.

9. Further, the Debtor has also agreed to indemnify Stout under the Paragraph 20 the Engagement Letter.

10. The terms of the Engagement Letter and Indemnification Agreement were negotiated at arm's-length, and the Debtor respectfully submits that the indemnification,

contribution, and reimbursement provisions are reasonable and appropriate under the circumstances.

11. To the best of my knowledge, information, and belief, no promises have been received by Stout as to compensation in connection with the Chapter 11 Case other than as outlined in the Engagement Letter, and Stout has no agreement with any other entity to share any compensation received with any person other than the principals and employees of Stout.

12. As of the Petition Date, Stout incurred prepetition expenses, however, it will waive those pre-petition expenses, in conjunction with its post-petition retention.

**Stout's Disinterestedness**

13. To the best of my knowledge based on the information provided by the Debtor to Stout, and except as expressly set forth herein, neither I nor any member or employee of Stout, nor the company itself, in so far as I have been able to ascertain, has any disqualifying connection with the Debtor, its creditors, or any other party-in-interest in the Debtor's bankruptcy case or its respective attorneys or other professionals, or any employee of the Office of the United States Trustee, with respect to the matters in which they are to be employed.

14. Stout was paid a pre-petition retainer fee of $50,000. Stout incurred pre-petition expenses, which it will waive in conjunction with post-petition retention.

15. In accordance with Bankruptcy Code Section 327(a), neither I, nor any member or employee of Stout, nor the company itself, represents, will represent, holds or will hold any interest adverse to the Debtor or its estate with respect to the matters upon which Stout is proposed to be engaged. Notwithstanding the foregoing, it should be noted that (a) Stout may serve as a professional persons in other matter, wholly unrelated to the Debtor or its case, in which attorneys, accountants and other professional persons retained by the Debtor, creditors or other parties-in-interest have also been engaged, (b) certain creditors of the Debtor may also have been creditors

of other companies represented by Stout in matters wholly unrelated to the Debtor in this case, and (c) Stout professionals may have previously served as an investment banker to entities wholly unrelated to the Debtor in which directors, officers and equity holders of the Debtor have been involved as directors, officers or equity holders.

16. Accordingly, to the best of my knowledge, Stout is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Stout: (i) is not a creditor, equity security holder, or insider of the Debtor; (ii) was not, within two (2) years before the date of filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor; and (iii) does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders.

17. If any new material relevant facts or relationships are discovered or arise, Stout will promptly file a supplemental declaration.

### Efforts to Avoid Duplication of Services

18. Stout understands that its services are intended to complement, and not duplicate, the services to be rendered by any other professional retained in the Debtor's Chapter 11 Case. Stout further understands that the Debtor has retained and may retain additional professionals during the term of the engagement and will use its reasonable efforts to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtor.

19. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 7, 2020   /s/ Michael Krakovsky
Michael Krakovsky
Managing Director & Head of Special Situations
Stout Risius Ross Advisors, LLC