# UNITED STATES BANKRUPTCY COURT

# WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

Case No. 20-00759-swd

Chapter 11

Hon. Scott W. Dales

Debtor

_____/

### ORDER GRANTING DEBTOR'S MOTION TO CONTINUE USING ITS EXISTING BANK ACCOUNTS, BUSINESS FORMS AND CASH MANAGEMENT SYSTEMS

Before the Court is *Debtor's Motion for An Order Authorizing Continued Use of Its Existing Bank Accounts, Business Forms and Cash Management System* (the "**Motion**") [Docket No. 47] filed by the above-captioned debtor (the "**Debtor**"). The Court having considered the Motion, the "Declaration of Robert Emmett Goodrich in Support of Chapter 11 Petition and First Day Motions," and the record in this case, and it appears to the Court (a) that is has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334; (b) that this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) that sufficient notice of the Motion has been provided through service given to the Office of the United States Trustee, counsel for the Debtor's pre-petition secured lenders, and the Debtor's twenty (20) largest unsecured creditors; and (e) that good and sufficient cause exists for the relief granted herein:

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED** pursuant to the terms of this order. Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

2. The Debtor is authorized to continue maintaining and using (a) its pre-petition business forms and Bank Accounts and to treat such accounts for all purposes as debtor-in-possession accounts, and (b) their customary Cash Management Procedures in the ordinary course, provided, however, (i) the Debtor shall maintain records of all transactions within its Cash Management System so that pre-petition and post-petition transactions can be readily ascertained, traced and recorded properly, and to avoid the unauthorized payment of pre-petition claims, and (ii) any new check stock acquired by Debtor will be imprinted with the notification "Debtor in Possession, Case # 20-00759" or with such other language as may be acceptable to the United States Trustee. Checks printed directly by the Debtor will include this language as soon as practicable.

3. The Debtor's Banks (a) are authorized to continue servicing and administering the Debtor's Bank Accounts as accounts of the Debtor and debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process and honor and pay any and all checks, drafts, wires, or automated clearing house transfers ("ACH Transfers") drawn on, (b) are authorized to accept and honor all representations from the Debtor as to which checks, drafts, wires, or ACH Transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, wires, or ACH Transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is or is not authorized by any order(s) of the Court, (c) have no duty to inquire as to whether such payments are authorized by any order(s) of this Court and (3) have no liability to any party on account of

following the Debtor's instructions in accordance with this order.  Debtor's account at Fifth Third Bank was closed on February 27, 2020.

4.     The Debtor's Banks are further authorized and permitted to charge back returned items of the Debtor against amounts on deposit in the Bank Accounts, regardless of whether such amounts were deposited before or after the Petition Date, and the Banks shall be entitled to receive payment of prepetition and postpetition fees, costs, charges and expenses to which such Bank may be entitled under the terms of their contractual arrangements with the Debtor.

5.     Nothing herein shall prevent the Debtor from opening any additional bank accounts, or closing any existing bank account(s) as they may deem necessary and appropriate in the ordinary course of its business, and the Banks are authorized to honor the Debtor's requests to open or close such account, provided that, any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State therein; such accounts shall be subject to the same provisions and obligations of this order, and the Debtor shall immediately provide the U.S. Trustee's office with notice of the closing or opening of any new accounts.

6.     Within three (3) business days from the date of the entry of this Order, Debtor will serve a copy of this Order on the Banks, will notify the Banks of their obligations under the Uniform Depository Agreement(s) with the United States Trustee, and will request that each Bank internally designate the bank account(s) as "debtor in possession" accounts.  If any of Debtor's Banks have not executed a Uniform Depository Agreement, Debtor must use its good faith efforts to get each Bank to do so.

7. This Order resolves the Objections of the United States Trustee to the entry of this Order on an interim basis.

8. This Order modifies the Definitive Order to the extent the Definitive Order requires otherwise.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order

**END OF ORDER**

**IT IS SO ORDERED.**



**Dated March 9, 2020**

_____
Scott W. Dales
United States Bankruptcy Judge