UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.,**

      Debtor

_____/

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

**FIRST DAY ORDER (i) AUTHORIZING DEBTOR TO PAY EMPLOYEE
OBLIGATIONS AND CONTINUE EMPLOYEE BENEFIT PROGRAMS;
(ii) AUTHORIZING DEBTOR TO PAY CERTAIN PRE-PETITION TAX
OBLIGATIONS; AND (iii) DIRECTING FINANCIAL INSTITUTIONS TO
HONOR OUTSTANDING EMPLOYEE-OBLIGATION PAYMENTS**

Upon the *First Day Motion for Entry of an Order (i) Authorizing Debtor to Pay Employee Obligations and Continue Employee Benefit Programs; (ii) Authorizing Debtor to Pay Certain Pre-Petition Tax Obligations, and (iii) Directing Financial Institutions to Honor Outstanding Employee-Obligation Payments* (the "Motion"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and after due deliberation and sufficient cause appearing therefore,

    **IT IS HEREBY ORDERED:**

    1.    The Motion is **GRANTED.**

    2.    That the Debtor is authorized, but not directed, to pay the Employee Obligations and Employee Benefits as set forth in the Motion, To the extent any Employee Obligations and

Employee Benefits are for pre-petition amounts due, Debtor will not pay any one individual in excess of $13,650, as referenced in 11 U.S.C. § 507(a)(4) and (a)(5).

3. That the Debtor is authorized, but not directed, to continue providing employee-benefits programs, including health, insurance, workers compensation, and all other employee benefits that the Debtor has historically paid in the ordinary course of business and as further set forth in the Motion and collectively defined therein as the Employee Benefits.

4. That the Debtor is authorized, but not directed, to pay all incidental costs and expenses related to the Employee Obligations and Employee Benefits, including without limitation, the costs associated with the Workers Compensation Plan.

5. The Debtor's banks and other financial institutions are directed to receive, process, honor, and pay all checks and electronic payments related to the Employee Obligations, Employee Benefits, and the Workers Compensation Plan.

6. Payment of the Employee Obligations and Benefits is subject to the terms of any order authorizing the Debtor to use cash collateral, and without prejudice to the Debtor's right to change or discontinue and implement new Employee Obligations or Employee Benefits in their sole discretion and without further approval of the Court, in the ordinary course of its business.

7. This Order does not affirm or authorize a fixed or approved salary for Robert E. Goodrich.

8. This Order resolves the Objections of the United States Trustee. to the entry of this Order on an interim basis.

9. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**END OF O**

**IT IS SO ORDERED.**

**Dated March 9, 2020**

_____
Scott W. Dales
United States Bankruptcy Judge