UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

Debtor

_____/

Case No. 20-00759-swd

Chapter 11

Hon. Scott W. Dales

### DEBTOR'S MOTION FOR AN ORDER AUTHORIZING IT TO HONOR AND PERFORM CERTAIN PREPETITION CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS

COMES NOW, the above captioned debtors (the "**Debtors**"), by and through undersigned counsel, and hereby move this Court for entry of an order, and, pursuant to 11 U.S.C. §§ 105(a) and 363(b) authorize it to honor and perform certain prepetition customer programs in the ordinary course of business. In support of this Motion, the Debtor incorporates the *Declaration of Robert Emmett Goodrich In Support Of Chapter 11 Petition And First Day Motions*, (the "**Goodrich Declaration**") filed contemporaneously herewith, and states as follows:

### Background and Jurisdiction

1. On February 25, 2020 (the "**Petition Date**"), the Debtor commenced its reorganization cases by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, *et seq.* (the "**Bankruptcy Code**").

2. The Debtor is continuing in possession of its property and is operating and managing its businesses, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The factual background relating to the Debtor's business and the commencement of this Chapter 11 case is set forth in detail in the Goodrich Declaration. The Debtor is approximately the 17th largest chain/circuit/or group of theaters in the country. The Debtor has approximately 1,150 employees and 267 screens in 5 states operating under the name.

5. The Debtor's headquarters and primary management offices are located at 4417 Broadmoor SE, Kentwood, Michigan, 49512.

**The Debtor's Customer Programs**

6. Similar to other similarly situated theatres, the Debtor has historically implemented and maintained certain customer programs described herein (collectively, the "**Customer Programs**") designed to increase brand recognition, build customer loyalty, and promote the sale of its products.

7. Gift Cards. The Debtor sells gift cards in a variety of denominations in exchange for cash, and the cards are redeemable by purchasers or recipients in exchange for the Debtor's merchandise (the "**Gift Cards**").

8. The Debtor's best estimate of the amount of Gift Cards purchased pre-petition but not yet redeemed as of the Petition Date is approximately $3,300,000, although the Debtor anticipates that, based upon past experience, not all Gift Cards will be redeemed in full.

Nonetheless, the Debtor seeks to honor in the normal course of business any customers Gift Cards that were sold pre-petition but are presented by customers post-petition, and to continue in the normal course the mutual obligations that result from such transactions.

9. The Debtor's reputation in the marketplace and with its customers is critical to its business, and its Customer Programs are a vital mechanism by which the Debtor distinguishes its services and builds customer loyalty. Any failure to honor prepetition customer obligations, even for a brief period of time, may drive away valuable customers and harm the Debtor's sales and efforts to maximize its value as a going concern.

## RELIEF REQUESTED AND SUPPORTING BASIS

10. The Debtor seeks authorization pursuant to §§ 105(a) and 363(b) and (c) of the Bankruptcy Code to maintain and continue the Customer Programs and to honor, in its sole discretion, its pre-petition obligations, arising under the Customer Programs in the ordinary course of business. Chapter 11 generally contemplates and provides that a debtor can continue operating its business in the normal course. *See* 11 U.S.C. §§ 1107, 1108. Additionally, some of the items related to the Customer Programs may be entitled to treatment as priority unsecured claims under Section 507 of the Bankruptcy Code.

### A. Section 363(b) and the business judgment rule.

11. Under 11 U.S.C. § 363(b), a bankruptcy court is empowered to authorize a chapter 11 debtor to expend funds in the court's discretion outside the ordinary course of business. See 11 U.S.C. § 363(b)(1). In order to obtain approval for the use of estate assets outside the ordinary course of business, the debtor must articulate a valid business justification for the requested use. *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989)

12. Once a debtor has articulated a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *In re Integrated Res., Inc*., 147 B.R. 650, 656 (S.D.N.Y. 1992).

13. The business judgment rule applies in chapter 11 cases. *Integrated Res.*, 147 B.R. at 656 (noting the "Delaware business judgment rule principles have 'vitality by analogy' in Chapter 11" (citation omitted)); *see also Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a Debtor's management decisions."). Hence, pursuant to Section 363(b), a bankruptcy court can authorize a debtor to expend funds outside of the ordinary course of business when it constitutes a proper exercise of business judgment. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 155 (D. Del. 1999) ("Section 363(b) should be interpreted liberally to provide a bankruptcy judge with 'substantial freedom to tailor his orders to meet differing circumstances' and to avoid 'shackling the judge with unnecessarily rigid rules'").

B. <u>Section 105(a) and the doctrine of necessity</u>

14. Maintenance of the Customer Programs should also be authorized under the well-established "doctrine of necessity,"[1] which is also codified by Section 105(a) of the Bankruptcy Code (allowing the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.").

---

[1] This doctrine, first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C&S W. R. Co.*, 106 U.S. 286, 311-312 (1882), recognizes the existence of judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor.

15. Such doctrine and statute allow the court to authorize the payment of prepetition obligations outside of a plan of reorganization when necessary to realize the essential purpose of a chapter 11 reorganization – i.e., preventing the liquidation of the debtor in possession and preserving its potential for rehabilitation. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) ("The fundamental purpose of reorganization is to prevent the debtor from going into liquidation . . .) *Lehigh & New England Ry. Co*., 657 F.2d 570, 581 (3d Cir. 1981) (holding that the doctrine of necessity permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid"); *In re Boston & Me. Corp*., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to the debtors' continued operations).

### C.  Section 507(a)(7) Priority Claims relating to Gift Cards.

16. Section 507(a)(7) of the Bankruptcy Code establishes a priority for unsecured claims of individuals to the extent of $3,025 for each individual arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided." *See also, In re WW Warehouse, Inc.*, 313 B.R. 588, 594 (Bankr. D. Del. 2004)(finding that gift certificate holders are entitled to priority status). Accordingly, the relief requested may affect only the timing of the Debtor's performance of obligations relating to the Gift Cards and will not prejudice the rights of general unsecured creditors.

### D.  Other Courts Have Granted Similar Relief

17.     Pursuant to the authority noted above, courts in this district has authorized a chapter 11 debtor to honor its pre-petition customer programs and to pay pre-petition obligations relating to them. *See, e.g. In re BHM Technologies, Holdings, Inc.*, Case No. 08-4413-swd at Docket No. 86 (Bankr. W.D. Mich. May 22, 2008) (authorizing payment of pre-petition obligations relating to customer programs); *In re Family Christian, LLC, et al.,* Case No. 15-00643-jtg at Docket No. 126 (Bankr.W.D.Mich.Feb. 11, 2015).

## NOTICE OF THIS MOTION

18.     Notice of this Motion has been given to the following parties, or in lieu thereof, to their counsel: (a) United States Trustee, (b) the Debtor's identified secured creditors, (c) the Debtor's 20 largest unsecured creditors, (d) counsel to the DIP Lender, and (e) any parties that have filed notices of appearance or requests for notice. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court (a) grant this Motion by entering an order in substantially the same form as the proposed order attached hereto as Exhibit A authorizing the Debtor to honor and perform in the normal course its Customer Programs, including paying any of the pre-petition obligations owed with respect thereto, and (b) grant the Debtor such other and further relief as is just and proper.

(Signature on following page)

Dated: March 10, 2020						Respectfully Submitted**,**

**KELLER & ALMASSIAN, PLC**

By: _/s/_ Greg J. Ekdahl
A.Todd Almassian (P55467)
Greg J. Ekdahl (P67768)
230 E. Fulton Street
Grand Rapids, MI 49503
Telephone: (616) 364-2100
Facsimile: (616) 364-2200
Email:  talmassian@kalawgr.com
            gekdahl@kalawgr.com

*Proposed Counsel for the Debtor and Debtor in Possession*

# **EXHIBIT A**

*proposed Order*

22502064 v7

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

Case No. 20-00759-swd

Chapter 11

Hon. Scott W. Dales

Debtor

_____/

**ORDER AUTHORIZING DEBTOR TO HONOR
AND PERFORM PREPETITION CUSTOMER PROGRAMS
IN THE ORDINARY COURSE OF BUSINESS**

Before the Court is the *Debtor's Motion For An Order Authorizing It to Honor and Perform Prepetition Customer Programs In The Ordinary Course of Business* (the "Motion") filed by the above-captioned debtor in possession (the "Debtor"). The Court having reviewed the Motion and finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing appear sufficient under the circumstances; and (d) just cause exists for the relief granted herein,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is GRANTED pursuant to the terms of this order. Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtor is authorized in its discretion, but not directed, to continue honoring and performing its Customer Programs in the ordinary course of business, including (a) honoring customer Gift Cards as presented in the normal course of business.

3. Nothing in this Order shall be construed as (a) prejudicing any rights the Debtor may have to contest the amount or basis of any prepetition or postpetition obligations relating to the Customer Programs.

4. The terms of this Order shall be effective and enforceable upon its entry.

**END OF ORDER**