UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.,**

      Debtor

_____/

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

### DEBTOR'S MOTION FOR AN ORDER AUTHORIZING IT TO PAY PREPETITION SALES AND USE TAXES, BUSINESS LICENSE FEES, AND OTHER TRUST FUND TAXES

NOW COMES the above-captioned debtor (the "**Debtor**"), by and through undersigned counsel, and hereby moves this Court for entry of an order, and, pursuant to 11 U.S.C. §§ 105(a) and 363(b) authorizing the Debtor to pay pre-petition sales and use taxes, franchise taxes, business license fees, and other possible "trust fund" taxes.  In support of this Motion, the Debtor incorporates the *Declaration of Robert Emmett Goodrich In Support Of Chapter 11 Petition And First Day Motions*, (the "**Goodrich Declaration**"), and states as follows:

#### Background and Jurisdiction

1.    On February 25, 2020 (the "**Petition Date**"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, *et seq.* (the "**Bankruptcy Code**").

2.    The Debtor is continuing in possession of its property and is operating and managing its businesses, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

22498778 v5

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The factual background relating to the Debtor's business and the commencement of this chapter 11 case is set forth in detail in the Goodrich Declaration. The Debtor is approximately the 17th largest chain/circuit/or group of theaters in the country. The Debtor has approximately 1,150 employees and 267 screens in 5 states operating under the name.

5. The Debtor's headquarters and primary management offices are located at 4417 Broadmoor SE, Kentwood, Michigan, 49512.

6. In the ordinary course of business, the Debtor collects certain sales, use and franchise taxes, (collectively, the "**Trust Fund Taxes**") from their customers or employees, as applicable, and holds them for a period of time before remitting them to the appropriate taxing authorities (collectively, the "**Taxing Authorities**"). For example, the Debtor collects sales and use taxes from certain customers for remittance to the appropriate state or local Taxing Authority. In addition, the Debtor withholds certain taxes (such as income, FICA and Medicare taxes) from their employees' paychecks, which amounts then are remitted periodically to the appropriate federal, state or local Taxing Authorities.

7. Also, the Debtor customarily incurs and pays certain business license charges required by law or local ordinance to operate their businesses ("**License Fees**"). The Debtor believes that it is generally current on their License Fees. The License Fees come due throughout the year. However, to the extent any unpaid pre-petition License Fees are discovered to exist, the Debtors request authority to pay such License Fees in the normal course, and the Debtors would expect any such pre-petition obligations to be relatively small or *de minimus*.

## Relief Requested and Supporting Basis

8. The Debtor hereby seeks authority to pay any pre-petition License Fees and Trust Fund Taxes that may be owing to the Taxing Authorities or other governmental agencies, to avoid the serious disruption to their reorganization efforts that would result from the nonpayment of such taxes, including the distractions that could result from liability for nonpayment imposed upon the Debtor's officers and directors.

9. The prepetition Trust Fund Taxes that have been collected or withheld by the Debtor are held in trust for the benefit of those third parties to whom payment is owed or on behalf of whom such payment is being made. As such, the Prepetition Trust Fund Taxes are not property of the Debtor's estate. 11 U.S.C. § 541(d); within the meaning of section 541 of the Bankruptcy Code. *See Begier v. Internal Revenue Serv.*, 496 U.S. 53, 55-56, 59-61, 66-67 (1990) (taxes such as excise taxes, FICA taxes and withholding taxes are not property of the estate): *City of Farrell v.Sharon Steel Corp.*), 41 F.3d 92, 98-103 (3d Cir. 1994) (funds withheld from employees' paychecks may be subject to a trust, and thus not property of a debtor's estate, even where such funds were commingled with the debtor's other property); *accord In re Am. Int'l. Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (funds held in trust for federal excise and withholding taxes are not property of a debtor's estate and, therefore, are not available for distribution to creditors).

10. Because the prepetition Trust Fund Taxes are held in trust on behalf of others and thus do not constitute property of the Debtor's estate, these amounts will not otherwise be available to the Debtor's estate. Thus, the payment of the Prepetition Trust Fund Taxes is warranted and will not adversely affect creditors

11.     In addition, many federal, state and local Taxing Authorities impose personal liability on the officers and directors of entities responsible for collecting Trust Fund Taxes to the extent that such taxes are collected but not remitted.  Thus, if any prepetition Trust Fund Taxes remain unpaid, the Debtor's officers and directors may be subject to lawsuits or even criminal prosecution on account of such nonpayment during the pendency of these chapter 11 cases.  Such lawsuits or proceedings obviously would constitute a significant distraction for officers and directors at a time when they should be focused on the Debtor's efforts to stabilize their postpetition business operations and develop and implement a successful reorganization strategy.

12.     The Debtor, moreover, believes that some of the Taxing Authorities could cause the Debtor to be audited if the Prepetition Trust Fund Taxes are not paid promptly.  Such audit would further divert attention and resources from the reorganization process.

13.     Moreover, to the extent any of the License Fees do not constitute "trust fund" taxes in a particular jurisdiction, this Court may rely on its general equitable powers to grant the relief requested in this Motion as codified in section 105(a) of the Bankruptcy Code, which empowers this Court to "issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Also, the Court may grant the requested relief pursuant to section 363 of the Bankruptcy Code, providing in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under this section, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc*., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wages pursuant to section 363(b)).

14. The relief requested in this Motion has been granted in comparable chapter 11 cases in this District and elsewhere. *See, e.g. In re BHM Technologies, Holdings, Inc.*, Case No. 08-4413-swd at Docket No. 285 (Bankr. W.D. Mich. 2008) (authorizing payment of pre-petition sales, use and franchise taxes and business license fees); *In re Collins & Aikman Corp.*, Case No. 05-55927 (SWR) (Bankr. E.D. Mich. May 17, 2005) (similar).

15. The Debtor submits that nothing in this Motion should be construed as impairing the Debtor's rights to contest the validity or amount of any prepetition Trust Fund Taxes or License Fees, and the Debtor expressly reserves all of its rights with request thereto.

## NOTICE OF THIS MOTION

16. Notice of this Motion has been given to the following parties, or in lieu thereof, to their counsel: (a) United States Trustee, (b) the Debtor's identified secured creditors, (c) the Debtor's 20 largest unsecured creditors, (d) counsel to the DIP Lender, and (e) any parties that have filed notices of appearance or requests for notice. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court (a) grant this Motion by entering an order in substantially the same form as the proposed order attached hereto as <u>Exhibit A</u> authorizing the Debtor to pay in the normal course any pre-petition Trust Fund Taxes or License Fees that may be owing, and (b) grant the Debtor such other and further relief as is just and proper.

Dated:  March 10, 2020	Respectfully Submitted**,**

**KELLER & ALMASSIAN, PLC**

By: _/s/_ Greg J. Ekdahl
A.Todd Almassian (P55467)
Greg J. Ekdahl (P67768)
230 E. Fulton Street
Grand Rapids, MI 49503
Telephone: (616) 364-2100
Facsimile: (616) 364-2200
Email:  talmassian@kalawgr.com
           gekdahl@kalawgr.com


*Proposed Counsel for the Debtor and Debtor in Possession*

# **EXHIBIT A**

*Proposed Order*

22498778 v5

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

In the Matter of:

**GOODRICH QUALITY THEATERS,**

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

     Debtor

_____/

**ORDER AUTHORIZING DEBTOR TO PAY PREPETITION**
**SALES AND USE TAXES AND OTHER TRUST FUND TAXES**

Before the Court is the *Debtor's Motion for an Order Authorizing It To Pay Prepetition Sales and Use Taxes, Business License Fees, and Other Trust Fund Taxes* (the "Motion") filed by the above-captioned debtors in possession (the "Debtor"). The Court having reviewed the Motion and finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing appear sufficient under the circumstances; and (d) just cause exists for the relief granted herein,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is GRANTED pursuant to the terms of this order. Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtor is authorized to pay the prepetition Trust Fund Taxes and License Fees in the ordinary course of business.

3. Nothing in this Order shall impair the Debtor's right to contest the validity or amount of any prepetition Trust Fund Taxes or License Fees.

## **END OF ORDER**