UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

      Debtor

_____/

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

*EX PARTE* MOTION FOR AN EMERGENCY HEARING
ON THE DEBTOR'S MOTIONS

NOW COMES, the above-captioned debtor (the "**Debtor**"), by and through undersigned counsel, and hereby moves this Court for entry of an order, and for its *Ex Parte Motion For An Emergency Hearing On The Debtor's Motions,* states as follows:

1. On February 25, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1531 (the "Bankruptcy Code").

2. Debtors continue to operate their business as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The factual background supporting the Debtor's Motions (as defined below) and relating to the Debtor's commencement of its chapter 11 case is set forth in detail in the *Declaration of Robert Emmett Goodrich In Support Of Chapter 11 Petition And First Day Motions*, (the "**Goodrich Declaration**")(DN 45).

5. Contemporaneous with the filing of the instant motion, the Debtors filed the following motions (collectively the "**Motions**"):

    a. Emergency Motion For Interim and Final Orders (I) Authorizing Post-Petition Secured Financing Pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2),

1

      364(c)(3), 364(d)(1), 364(e) and 503(b) of the Bankruptcy Code; (II) Authorizing the Debtor to Use Cash collateral; (III) Providing Adequate Protection to the Prepetition Lenders Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code; (IV) Modifying the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code; and (V) Scheduling a Final Hearing (the "**DIP Financing Motion**");

    b. Debtor's Motion For An Order Authorizing It to Honor and Perform Certain Prepetition Customer Programs in the Ordinary Course of Business (the "**Customer Programs Motion**");

    c. Debtor's Motion For An Order Authorizing It to Pay Prepetition Sales and Use Taxes, Business License Fees, and Other Trust Fund Taxes (the "**Sales Tax Motion**");

**The DIP Financing Motion**

6. As contained in greater detail in the Goodrich Declaration, the Declarations attached to the DIP Motion, to avoid immediate and irreparable harm, the Debtor has an urgent need for an emergency hearing on the DIP Financing Motion. The Debtor is generating insufficient cash on a day to day basis to fund its general operations and lacks sufficient immediately available cash to pay expenses that, if not paid, would cause the Debtor immediate and irreparable harm, including but not limited to, employee wage and benefit obligations. The Debtor also lacks available cash collateral to fund the administrative and other expenses of this case necessary to maximize the value of the Debtor's assets in a bidding and sale process.

7. Despite good faith efforts, the Debtor is unable to obtain credit otherwise and has requested that credit be obtained through the filed DIP Financing Motion.

8. Further, the DIP Financing Motion seeks further approval for continued use of Cash Collateral as part of the requested relief. There is already a pending hearing in this Court scheduled for March 12, 2020, at 3:00 for a Final Hearing on Cash Collateral.

9.      Finally, Local Bankruptcy Rule 4001-2(c) states that if a debtor files a motion for entry of an order approving the use of cash collateral or to obtain credit on an expedited basis, the Court may enter the order without a hearing if: (a) the order is approved by all creditors with an interest in the cash collateral, the DIP lender, any committee formed, and the United States Trustee; (b) the motion is accompanied by an affidavit stating the facts on which the Debtor relies in seeking entry of the order on an expedited basis and the amount of money needed to avoid immediate and irreparable harm; and (c) provided that the requested order (i) once entered is served pursuant to Fed. R. Bankr. P. 4001(d), (ii) gives parties fourteen (14) days to object after service (or from the date a committee is formed, with respect to a committee), and (iii) provides for the debtor to use cash collateral or to obtain credit in a maximum specified dollar amount necessary to avoid immediate and irreparable harm until the final hearing date (if any objections are filed), to be scheduled in the order, or when the order becomes a final order.

10.     In this case, the Prepetition Lenders, the only parties with an interest in the Cash Collateral, have been requested to consent to the Debtor's use of the Cash Collateral as set forth in the proposed Interim Order.  The DIP Lender has agreed to enter into the DIP Facility with the Debtor.  The Debtor is in the process of seeking consent from the United States Trustee's office. The interim availability allowed pursuant to the terms of the DIP Facility is necessary to avoid immediate and irreparable harm pending the Final Hearing.

11.     The Debtor puts forth that there is no prejudice to any interested party to conduct the hearing on this matter on an emergency basis and respectfully requests the Court schedule and conduct a preliminary hearing on the DIP Financing Motion and authorize the Debtor from and after the entry of the Interim Order until the Final Hearing to obtain credit under the terms contained in the DIP Facility and utilize Cash Collateral pursuant to Local Rule 4001-2.

**12.     The Debtor respectfully requests that the emergency hearing on the DIP Financing Motion be <u>scheduled in conjunction with the pending Final Hearing for use of Cash Collateral that is scheduled for Thursday, March 12, at 3:00</u> in the courtroom of the Honorable Scott W. Dales.**

13.     As a result of the filing of the DIP Financing Motion, hearing of that Motion on an accelerated emergency basis is also required.  The Debtor requires approval for the use of cash collateral to continue operation of its business.

**<u>The Customer Program Motion</u>**

14.     The Customer Program Motion is typically fashioned as a "first day" motion in chapter 11 proceedings,[1] and requests approval for entry of an Order that would allow the Debtor to honor existing gift card obligations in the ordinary course of business.  Debtor has approximately $3.3 million in issued gift card obligations, and as such it is essential that consideration of the Customer Program Motion be heard on an emergency basis, as those obligations are outstanding and substantial.

**<u>The Sales Tax Motion</u>**

15.     Similarly, the Sales Tax Motion is typically fashioned as a "first day" motion, but for the reasons indicated regarding the filing of this case through initial inexperienced bankruptcy counsel (who has now been replaced as counsel), immediate consideration of a wide range of typical first day motions in this case was not feasible.  Despite this, the Sales Tax Motion should also be considered on an emergency basis, as it seeks approval to pay ongoing Sales, Use, and similar trust fund taxes that are due and that must be paid without delay.

---

[1] In the present matter, based on the accelerated timeline of the Debtor's proceeding after the case was filed by Debtor's previous attorney, certain first day motions were not initially available for immediate consideration.

4

16. Accordingly, Debtor requests, pursuant to Fed. R. Bankr. P. 9006(c) and LBR 9013(h), that this Honorable Court schedule an immediate emergency hearing on the Motions described herein, to provide that they may also be heard in the Courtroom of the Honorable Scott W. Dales, One Division N., Grand Rapids, MI, on Thursday, March 12, 2020, at 3:00 p.m., in conjunction with the hearing already scheduled for that time.

17. Pursuant to Federal Rule of Bankruptcy Procedure 9007, the Court has the authority to regulate the time within which, the entities to whom, and the form and manner in which, notice shall be given, which includes, but is not limited to, the authority to determine appropriate notice for purposes of conducting a hearing on the relief requested in these Motions.

WHEREFORE, the Debtors respectfully request that this Court enter an order in the form of attached **Exhibit A**, scheduling an immediate hearing on the Motions described herein, to be heard in conjunction with the cash collateral hearing currently scheduled for Thursday, March 12, 2020, at 3:00 p.m., and granting to Debtors such other and further relief as this Court deems just and appropriate in these circumstances.

Dated:  March 10, 2020     Respectfully Submitted,

**KELLER & ALMASSIAN, PLC**

By: _/s/_ A. Todd Almassian
A. Todd Almassian (P55467)
Greg J. Ekdahl (P67768)
230 E. Fulton Street
Grand Rapids, MI 49503
Telephone: (616) 364-2100
Facsimile: (616) 364-2200
Email:  talmassian@kalawgr.com
            gekdahl@kalawgr.com

*Proposed Counsel for the Debtor and Debtor in Possession*

**Exhibit A**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

      Debtor

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

_____/

### *EX PARTE* ORDER SCHEDULING AN EMERGENCY HEARING ON THE DEBTOR'S MOTIONS

This matter having come before the Court on the above captioned Debtor's *Ex Parte Motion For An Emergency Hearing On The Debtor's Motions,* (the "Motion"); the Court having reviewed the Motion and having determined that the legal and factual basis set forth in the Motion established good cause for the relief granted herein; no notice or hearing on the Motion being necessary or required; and the Court being otherwise fully advised in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED and;

IT IS FURTHER ORDERED that a hearing on the following motions:

    a. Emergency Motion For Interim and Final Orders (I) Authorizing Post-Petition Secured Financing Pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e) and 503(b) of the Bankruptcy Code; (II) Authorizing the Debtor to Use Cash collateral; (III) Providing Adequate Protection to the Prepetition Lenders Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code; (IV) Modifying the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code; and (V) Scheduling a Final Hearing (the "**DIP Financing Motion**");

b. Debtor's Motion For An Order Authorizing It to Honor and Perform Certain Prepetition Customer Programs in the Ordinary Course of Business (the "**Customer Programs Motion**");

c. Debtor's Motion For An Order Authorizing It to Pay Prepetition Sales and Use Taxes, Business License Fees, and Other Trust Fund Taxes (the "**Sales Tax Motion**");

The "DIP Financing Motion" will be conducted in the Courtroom of the Honorable Scott W. Dales, on **March \_\_\_\_\_, 2020, at \_\_\_\_\_:_____ a.m./p.m.**, or as soon thereafter as counsel may be heard.

The "Customer Programs Motion" will be conducted in the Courtroom of the Honorable Scott W. Dales, on **March \_\_\_\_\_, 2020, at \_\_\_\_\_:_____ a.m./p.m.**, or as soon thereafter as counsel may be heard.

The "Sales Tax Motion" will be conducted in the Courtroom of the Honorable Scott W. Dales, on **March \_\_\_\_\_, 2020, at \_\_\_\_\_:_____ a.m./p.m.**, or as soon thereafter as counsel may be heard.

IT IS FURTHER ORDERED that this Order shall be served on (a) United States Trustee, (b) the Debtor's identified secured creditors, (c) the Debtor's 20 largest unsecured creditors, (d) counsel for the DIP Lender, and (e) any parties that have filed notices of appearance or requests for notice by electronic mail, facsimile or overnight delivery to the best available address on March 11, 2020, and such service shall be deemed good and sufficient service thereof.

**END OF ORDER**