**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 11** |
| **GOODRICH QUALITY THEATERS, INC.,** ) | |
| ) | **Case No. 20-00759** |
| Debtor. ) | |

**MOTION OF 30 WEST PERSHING, LLC, FOR AN ORDER COMPELLING PAYMENT OF POST-PETITION RENT AND FOR AN ORDER COMPELLING ASSUMPTION OR REJECTION OF LEASE PURSUANT TO 11 U.S.C. § 365**

COMES NOW 30 WEST PERSHING, LLC ("Landlord") and, for an order compelling payment of post-petition rent and for an order compelling assumption or rejection of a lease, states:

**I.**
**JURISDICTION AND VENUE**

1. The captioned bankruptcy case was filed in this Court by Goodrich Quality Theaters, Inc. (the "Debtor") on February 25, 2020 (the "Petition Date") pursuant to Chapter 11 of the Bankruptcy Code and remains a debtor-in-possession pursuant to 11 U.S.C. § 1107(a).

2. This motion is a contested matter brought for orders under 11 U.S.C. §§ 365(d)(2), 365(d)(3) and 503(b), and Rule 6006(b), Federal Rules of Bankruptcy Procedure.

3. Because the bankruptcy case was filed in this Court and the motion seeks relief under sections 365 and 503 of the Bankruptcy Code, the motion arises in a bankruptcy case and arises under provisions of the Bankruptcy Code. This Court thus has jurisdiction to enter a final judgment on this motion pursuant to 28 U.S.C. §§ 1334 and 157. This proceeding has been referred from the United States District Court to this Court pursuant to LGenR 3.1(a) (W.D. Mich.). This motion is a core proceeding under 28 U.S.C. §§ 157(a) & (b)(2)(A) & (O).

4. For the foregoing reason, venue is proper in this Court. 28 U.S.C. § 1409(a).

1

## II.
## FACTUAL BACKGROUND

5. As of March 4, 2019, the Debtor and Store Master Funding IV, LLC ("Store Master") executed a Second Amended and Restated Lease Agreement (the "Lease") whereby non-residential real property in Savoy, Illinois, was leased by Store Master to the Debtor for a fixed term in restatement and amendment of a prior lease between the parties thereto. A true and correct copy of the Lease is attached hereto as Exhibit 1.

6. On June 12, 2019, the Lease and the premises under Lease were subsequently conveyed by Store Master to Landlord. *See* Exhibit 2 & Exhibit 3.

7. On the Petition Date and thereafter, the Debtor was and remains in occupancy of the premises covered by the Lease pursuant to Article II of the Lease.

8. The Debtor agreed, as a material inducement to the Landlord to enter the Lease, to cure all defaults timely and assume the Lease within sixty days of the commencement of a bankruptcy case or to reject the same, and any post-petition obligations shall constitute administrative expenses in any bankruptcy case. *See* Lease, § 17.06.

9. Section 4.01 of the Lease requires the payment on the first day of each month of the Base Monthly Rental in advance by the Debtor. Base Monthly Rental is defined to mean 1/12 of the applicable Base Annual Rental. *See* Exhibit A to Lease. The current Base Annual Rental is $1,204,694.58. Accordingly, the current Base Monthly Rental is $100,391.22.

10. The Debtor did not pay the Base Monthly Rental due on March 1, 2020, and has not paid the same as of the date of the filing of this motion, notwithstanding approval by the Court of the Interim Amount of post-petition financing sought by the Debtor. *Doc.* 156.

11. The Debtor is required to pay all Costs, Monetary Obligations and obligations of every kind relating to the premises, including common area maintenance charges. Lease, § 4.2 & <u>Exhibit A</u> thereto.

12. Amounts payable under the Lease are subject to a five percent (5%) late charge and bear interest at the Default Rate of 18% per annum from the date payment was due until the date of payment. Lease, § 4.06.

13. The Debtor is required to pay all taxes and assessments of every type or nature assessed against or imposed on the premises prior to the earlier of delinquency or the accrual of interest on the unpaid balance. Lease, § 6.01(a).

14. In the event of any judicial or other adversarial proceeding concerning the Lease, to the extent permitted by Law, Landlord shall be entitled to recover all of its reasonable attorneys' fees and other Costs in addition to any other relief to which it may be entitled. Lease, § 17.07.

15. Non-payment of any Rental or other Monetary Obligation when due constitutes an Event of Default. Lease, § 12.01(b). Upon default, the Landlord is entitled to terminate the Lease and recover possession, accelerate and recover future rent, and seek other remedies. Lease, § 12.02.

16. It is not clear from the budget filed by the Debtor that it intends to pay post-petition rent on the Lease. *See Doc.* 140.

17. Moreover, the Landlord is aware of no order from the Court relieving or extending the Debtor of its obligation to pay post-petition rent.

18. No motion or order seeking to assume or reject the Lease has been filed or entered, respectively.

## LEGAL ARGUMENT

### Post-Petition Rent

19. The Debtor is obligated by 11 U.S.C. § 365(d)(3) to timely perform all of its obligations arising from and after the order for relief on February 25, 2020, under any unexpired lease of non-residential real property, until such lease is assumed or rejected.

20. However, the Debtor has failed to pay the Base Monthly Rental due on March 1, 2020.

21. Landlord is therefore entitled to entry of an order compelling immediate payment of such sum, plus a late charge of five percent (5%), plus interest from March 1, 2020 until date of payment of eighteen percent (18%) per annum, and payment of all Base Monthly Rental and other Monetary Obligations when they come due under the terms of Lease until the Lease is either assumed or rejected by order of the Court.

22. Landlord further requests that the Court enter an order confirming that payments due under the Lease for Rentals or Monetary Obligations coming due after the Petition Date constitute administrative expenses pursuant to 11 U.S.C. § 503(b).

### Deadline to Assume or Reject

23. Landlord is entitled to seek entry of an order compelling the Debtor to either assume or reject the Lease.  11 U.S.C. § 365(d)(2).

24. Landlord hereby requests that the Court enter an order compelling the Debtor to either assume or reject the Lease by April 21, 2020.

25. When a party requests that a court fix a time period within which assumption or rejection must occur, that court must determine what constitutes a reasonable time for the debtor to assume or reject. *Theatre Holding Corp. v. Mauro,* 681 F.2d 102, 105 (2d Cir. 1982). What

constitutes a "reasonable time" to assume or reject an unexpired lease is within the discretion of the bankruptcy court based on the facts and circumstances of the case. *See In re Enron Corp.,* 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002). In this case, the Debtor failed to perform under the Lease including payment of post-petition rent even after approval of its post-petition financing. Accordingly, grounds exist for compelling prompt assumption or rejection of the Lease in order to enable Landlord to avoid the loss of both the property and post-petition rent that was envisaged by enactment of 11 U.S.C. § 365(d)(3).

## CONCLUSION

Based upon the foregoing, Landlord requests that the Court enter an order: (a) directing the Debtor to make immediate payment of existing post-petition Rentals and other Monetary Obligations as described above and timely payment of such sums that accrue thereafter; (b) directing the Debtor to assume or reject the Lease by April 21, 2020; and (c) granting such other relief to Landlord as is equitable and just.

RESPECTFULLY SUBMITTED this 24th day of March, 2020.

>WHITE LAW FIRM, PLC
>*Counsel for 30 West Pershing, LLC*
>
>/s/ Benjamin M. White
>Benjamin M. White (P72218)
>833 Kenmoor Ave. SE, Suite E
>Grand Rapids, MI 49546
>(616) 920-1932
>*ben@whitelawplc.com*