UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

Debtor

_____/

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
NOVO ADVISORS AS FINANCIAL ADVISOR

PRESENT: **HONORABLE SCOTT W. DALES**

United States Bankruptcy Judge

Before this Court is Debtor's Application Pursuant To 11 U.S.C. §§ 327(a) And 328(a) To Employ And Retain Novo Advisors As Financial Advisor (the "**Application**").

Having reviewed the Application and the Declaration of Sandeep Gupta attached thereto, the Court finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding under 28 U.S.C. § 157(b); (c) Novo Advisors appears qualified to represent the Debtor and they do not appear to represent any interest adverse to the Debtor; and (d) just cause exists for granting the relief contained herein; now therefore it is hereby ORDERED AS FOLLOWS:

1. The Application is **GRANTED** and approved, and pursuant to 11 U.S.C. § 327(a) and 1107 of the Bankruptcy Code, the Debtor is authorized to employ Novo Advisors as financial advisor in accordance with the terms and provisions of the Application.

2. The compensation of Novo Advisors for services rendered to the Debtor shall be at the regular hourly rates set forth in the Application, subject to the approval of this Court and

any Interim Professional Compensation Order that may be entered. All fees and expenses shall be subject to final approval of this Court. Novo Advisors will not require a retainer from Debtor without prior notice and approval through this Court. Any amounts advanced by Debtor to Novo Advisors will be held in trust, and will not be paid to Novo Advisors without approval of this Court and in compliance with any Interim Professional Compensation Order entered.

3.  Novo may terminate the engagement for whatever reason upon written notice to the Debtor. In the event of a termination of the engagement by the Debtor, Debtor will immediately serve notice of any such termination on the DIP Lender and Prepetition Lenders.

4.  The Debtor is authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order.

5.  The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

6.  Nothing herein shall be deemed to amend or modify any to the terms of the Court's *Interim DIP and Cash Collateral Order* (Docket No. 156) as may be modified or entered on a final basis.

7.  This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Form of Order Approved For Entry:

/s/ Dean Rietberg, by Greg Ekdahl with e-mail permission given 3-27-2020
Dean Rietberg, Attorney for the United States Trustee

**END OF ORDER**

**IT IS SO ORDERED.**

**Dated March 30, 2020**

Scott W. Dales
United States Bankruptcy Judge