**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

        Debtor

                                                      /

Case No. 20-00759-swd
Chapter 11
Hon. Scott W. Dales

**NOTICE TO CERTAIN CONTRACT PARTIES OF:**
**(I) PROPOSED SALE OF DEBTOR'S ASSETS; (II) PROPOSED ASSUMPTION AND ASSIGNMENT OF DEBTOR'S CONTRACTS AND LEASES; (III) DEADLINE FOR OBJECTING TO PROPOSED CURE COSTS; AND (IV) HEARING ON THE REQUESTED APPROVAL THEREOF**

**TO THE CONTRACT PARTIES LISTED**
**ON THE ATTACHED SCHEDULE:**

**THIS IS A NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF ONE OR MORE CONTRACTS OR LEASES TO WHICH YOU MAY BE A PARTY**

    1.    PLEASE TAKE NOTICE THAT on June 9, 2020, Goodrich Quality Theaters, Inc. (the "Debtor") filed with the U.S. Bankruptcy Court for the Western District of Michigan (the "Bankruptcy Court") the following motion (the "Sale Motion")[1]: *Debtor's Bidding Procedures and Sale Motion (I) (A) Approving Bidding Procedures for the Proposed Sale of Substantially All of the Debtor's Assets and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (B) Approving Bid Protections, (C) Approving the Establishment of Cure Amounts, and (D) Scheduling a Final Sale Hearing and Approving the Form and Manner of Notice Thereof; and (II) (A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, and (B) Authorizing the Assumption and Assignment of Executory Contracts and Leases, and (C) Granting Related Relief.*

    2.    The Sale Motion seeks authority to consummate stalking horse "Asset Purchase Agreements" (the "Purchase Agreements") between the Debtor and Goodrich Theater Newco, LLC, and Tivoli Enterprises, Inc. (the "Buyers"), subject to higher and better bids, for the purchase of substantially all of the assets of the Debtor (the "Assets").

---

[1]     Capitalized terms used but not otherwise defined shall have the meanings given to them in the Sale Motion.

3. Pursuant to the proposed Purchase Agreements, the Debtor seeks to assume and assign to Buyer certain executory contracts and unexpired leases (the "Contracts") if designated by the Buyer for assumption and assignment (a "Selected Contract").

4. In connection with the consummation of the proposed Purchase Agreements, the Buyer will pay, in addition to the purchase price under the Purchase Agreement, to cure, to the extent legally required, all defaults currently outstanding under any Selected Contract (the "Cure Amounts"). *Schedule A attached hereto identifies (a) the Contracts that may be assumed and assigned by the Debtor pursuant to the Purchase Agreement, (b) the counterparty to each such Contract, and (c) the Debtor's calculation of the applicable Cure Amount for such Contract. You may be a party to one or more of the identified Contracts which the Debtor seeks to assume and assign to the Buyer.*

5. The inclusion of a Contract on this Notice will not: (a) obligate the Debtor to assume any Contract listed herein or obligate the Successful Bidder to take assignment of such Contract; or (b) constitute any admission or agreement of the Debtor that such Contract is an executory contract or unexpired lease. Only those Contracts that are included on a schedule of assumed and assigned contracts attached to the definitive sale agreement with the Successful Bidder (including amendments or modifications to such schedules in accordance with such agreement and any designation rights procedures approved in the Sale Order) will be assumed and assigned to the Successful Bidder.

6. A hearing (the "Sale Hearing") to consider the Sale Motion, including the Debtor's assumption and assignment of the Selected Contracts and the sale of the Assets to the Buyers (or other Successful Bidder), and the other related relief, will be held on June 29, 2020, at 10:00 a.m. (prevailing ET), in the Courtroom of the Honorable Scott W. Dales, United States Bankruptcy Court, One Division Avenue North, Grand Rapids, Michigan 49503.

7. PLEASE NOTE that OBJECTIONS, if any, to the Sale Motion, must be made in writing, set forth the specific bases for such objection(s) and filed with the Clerk of the Bankruptcy Court at the following address: Clerk of the U.S. Bankruptcy Court, One Division Avenue N., Room 200, Grand Rapids, Michigan, 49503, with a copy of such objection(s) mailed to the Notice Parties listed below, so as to be received no later than the "Objection Deadline"): (A) for objections to the proposed assumption and assignment of the Contracts and/or the calculation of the Cure Amounts, by June 23, 2020 at 5:00 p.m. (EDT); (B) for objections related to adequate assurance of future performance by the Buyer, by June 25, 2020 at 5:00 p.m. (EDT); and (C) for all other objections to the Sale Motion, by June 22, 2020 at 5:00 p.m. (EDT).

8. A copy of your objection must be delivered to each of the following (the "**Notice Parties**"): Debtor c/o Goodrich Quality Theaters, Inc., Attn: Bob Goodrich, CEO, 4417 Broadmoor Ave. SE, Grand Rapids, MI 49512, Email: bgoodrich@gqt.com; (B) Debtor's counsel, Keller & Almassian, PLC, Attn: A. Todd Almassian, Esq. and Greg J. Ekdahl, Esq., 230 East Fulton Street, Grand Rapids, MI 49503, Email: talmassian@kalawgr.com and gekdahl@kalawgr.com; (C) counsel to CIBC Bank USA, Varnum LLP, Attn: Brenden G. Best, Esq. 160 W. Fort St., 5th Floor, Detroit, MI 48226, Email: bgbest@varnumlaw.com; (D) counsel for the Unsecured Creditor Committee; Maxim B. Litvak, Pachulski Stang Ziehl & Jones, 150

California Street, 15th Floor, San Francisco, CA 94111, Email: mlitvak@pszlaw.com, and Douglas Lutz, Frost Brown Todd, 301 E 4th St #3300, Cincinnati, OH 45202, Email: dlutz@fbtlaw.com; and (E) Debtor's court-appointed investment banker, Stout Risius Ross Advisors, LLC, Attn: Michael Krakovsky, 10100 Santa Monica Blvd, Suite 1050, Los Angeles, CA 90067, Telephone: (310) 846-8895, Email: mkrakovsky@stout.com.

9. Any party failing to timely file an objection by the Objection Deadline to the assumption and assignment of the Contracts, including any objection to the applicable Cure Amount(s) listed in the attached schedule, shall be forever barred from asserting such objections against the Debtor, its estate, the Buyer (or any higher and better bidder).

10. Copies of the Sale Motion and the Purchase Agreements may be obtained upon written request to Debtor's counsel: Keller & Almassian, PLC, Attn: A. Todd Almassian, Esq., Greg J. Ekdahl, Esq., and Nicholas S. Laue, Esq., 230 East Fulton Street, Grand Rapids, MI 49503, Email: talmassian@kalawgr.com, gekdahl@kalawgr.com, and nlaue@kalawgr.com, Telephone: (616) 364-2100.

This Notice issued with authorization from the Bankruptcy Court.

Dated: June 12, 2020

                                          KELLER & ALMASSIAN, PLC

                                          */s/ A. Todd Almassian*
                                          A. Todd Almassian (P55467)
                                          Greg J. Ekdahl (P67768)
                                          Nicholas S. Laue (P79260)
                                          Anthony M. Vander Kolk (P83982)
                                          230 East Fulton Street
                                          Grand Rapids, MI 49503
                                          (616) 364-2100
                                          talmassian@kalawgr.com
                                          gekdahl@kalawgr.com
                                          nlaue@kalawgr.com
                                          avanderkolk@kalawgr.com

## **<u>SCHEDULE 1</u>**

**Contracts and Cure Amounts**

**[to be added]**