# UNITED STATES BANKRUPTCY COURT

# WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

Debtor

_____/

Case No. 20-00759-swd

Chapter 11

Hon. Scott W. Dales

### ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL MEMBERSHIP INTEREST AND ASSOCIATED SPECIFIED OPERATING ASSETS IN GIBSONTON THEATER, LLC FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF THE SALE PURSUANT TO 11 U.S.C. §§ 105, 363(b) AND 363(f)

This matter having come before this Honorable Court on the Debtor's Motion for Authority to Sell Membership Interest and Associated Operating Assets in Gibsonton Theater, LLC ("Gibsonton") Free and Clear of All Liens, Interests and Encumbrances With Liens, Interests and Encumbrances Attaching to the Proceeds of the Sale Pursuant to 11 U.S.C. §§105, 363(b) and 363(f) (the "Motion"),[1] and finding (a) that appropriate notice of the Motion having been given; (b) that good cause exists to shorten the notice of this proposed sale; (c) that AP Gibsonton is a "good faith" buyer within the meaning of Section 363(m) of the Bankruptcy Code; and (d) after due deliberation, that the Debtor has articulated a sound business justification for the sale of the Membership and operating assets under *Stephens Indus., Inc. v. McClung* and its progeny, and otherwise sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms use but not defined in this Order have the meanings ascribed to those terms in the Motion and the Member Interest Purchase Agreement unless otherwise noted.

1. The Motion is granted and the Member Interest Purchase Agreement attached to the Motion as *Exhibit A* is hereby approved in all respects.

2. The Debtor is authorized and empowered to take all actions and execute such instruments and other documents as may be necessary or appropriate to consummate the sale and otherwise effectuate the relief granted pursuant to this Order.

3. The Debtor is authorized to sell its 50% membership interest in Gibsonton Theater, LLC and assign its right, title and interest in identified site specific operating assets of the Theater to AP Gibsonton, as described in the Member Interest Purchase Agreement, for the Purchase Price of One Million, One Hundred Thousand Dollars ($1,100,000), pursuant to 11 U.S.C. § 363(b), and free and clear of any liens, claims, interests or encumbrances pursuant to 11 U.S.C. § 363(f), including, but not limited to, the Secured Claims held by the Lenders.

4. All valid liens, interests and encumbrances in, on or against, attached to, or otherwise encumbering, the Membership or the operating assets, including the Liens described and identified in the MIPA, shall transfer and attach to the net proceeds from the sale of the Membership, to the same extent and in the same priority that the liens, interests and encumbrances were attached to the Membership immediately prior to closing of the sale of the Membership and the operating assets.

5. The Debtor be and is hereby authorized and empowered to execute and deliver such instrument or instruments as are required to accomplish the Closing of the transactions contemplated by the Member Interest Purchase Agreement and such other instrument or instruments that the Debtor determines are reasonably necessary to carry out the terms of this Order and its obligations under the Member Interest Purchase Agreement.

6. The Debtor is authorized to pay any fees or taxes associated with the sale of the Membership, escrow fees, and customary closing costs charged the Debtor as seller.

7. The fourteen day stay period set forth in Rule 6004(h), Federal Rules of Bankruptcy Procedure, is hereby waived.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**END OF ORDER**

**IT IS SO ORDERED.**

Dated June 25, 2020



_____
Scott W. Dales
United States Bankruptcy Judge