EXECUTION VERSION

# **SECOND AMENDMENT TO ASSET PURCHASE AGREEMENT**

THIS SECOND AMENDMENT TO ASSET PURCHASE AGREEMENT (this "Amendment"), is dated June 29, 2020 (the "Effective Date"), by and among Goodrich Quality Theaters, Inc. ("Seller") and Goodrich Theater Newco, LLC ("Buyer"). All capitalized terms used but not defined in this Amendment shall have the meanings given such terms in the Purchase Agreement (as defined below).

## **RECITALS**

WHEREAS, Buyer and Seller entered into that certain Asset Purchase Agreement, dated June 9, 2020 (the "Purchase Agreement"), pursuant to which Buyer agreed to acquire the Assets from Seller on the terms and conditions therein contained.

WHEREAS, the parties desire to amend the Purchase Agreement as set forth herein.

**NOW, THEREFORE**, for good and valuable consideration, the parties agree as follows:

## **AGREEMENT**

1. Amendment.

(a) Section 1.2 of the Purchase Agreement is hereby amended by adding a new Section 1.2(r) in its entirety as follows: "Notwithstanding Section 1.3(i) of the First Amendment to the Purchase Agreement, all tangible personal property, leasehold improvements, installations, fixtures, trade fixtures, equipment, fittings, furniture, furnishings, office equipment, supplies, and Inventory, located on the premises of the Seller's Excluded Theater located in Grand Haven, Michigan."

(b) Section 1.4(c) of the Purchase Agreement is hereby amended and restated in its entirety as follows: "any Liability of Seller for property Taxes associated with the Real Property Leases (whether or not such underlying Real Property Lease is assumed by Buyer) due and payable prior to the Closing Time ("Assumed Property Taxes");"

(c) Section 1.4 of the Purchase Agreement is hereby amended by adding a new Section 1.4(d) in its entirety as follows: "any Liability of Seller owing to film studios arising after the Petition Date; and"

(d) Section 1.4 of the Purchase Agreement is hereby amended by adding a new Section 1.4(e) in its entirety as follows: "any Liability of Seller relating to pre-Closing Date unpaid administrative expenses arising after the Petition Date, in an amount not to exceed $119,228."

(e) Section 1.4 of the Purchase Agreement is hereby amended by adding a new Section 1.4(f) in its entirety as follows: "any Liability arising from any claims of lessors relating to any Assets located at any Leased Real Property that is the subject of any Excluded Real Property Lease including but not limited to claims against the Seller, its estate, the Seller's DIP Lender, Prepetition Agent or Prepetition Lenders, for costs charges, damages, or any other claims related to the storage or removal of such Assets."

(f)     Section 1.5(c) of the Purchase Agreement is hereby amended by adding the phrase "other than with respect to any Assumed Liabilities (as set forth in Section 1.4)," at the beginning of such provision and immediately prior to the phrase "all Liabilities for fees".

(g)     Section 2.1 of the Purchase Agreement is hereby amended and restated in its entirety as follows: "Purchase Price. In addition to the assumption of the Assumed Liabilities, the consideration to be paid by the Buyer for the sale of the Assets (the "Purchase Price") shall be (i) Twelve Million Dollars ($12,000,000) ("Base Purchase Price"), plus (ii) Seller's Proration Amount, minus (iii) the Buyer Proration Amount, plus (iv) $50,000 for the Assets described in Section 1.2(r)."

(h)     Article 7 of the Purchase Agreement is hereby amended by adding a new Section 7.5 in its entirety as follows:

"Section 7.5    Avoidance Actions. Notwithstanding anything to the contrary in this Agreement, Buyer shall not, and shall cause its Affiliates to not, initiate any litigation, claim, action, suit, arbitration or proceeding arising under or relating to any Acquired Avoidance Action."

2.     Incorporation. Except as specifically provided herein or unless the context requires otherwise, Article 12 of the Purchase Agreement is hereby incorporated by reference herein as if set out at length herein, and shall be read to apply to this Amendment standing on its own.

3.     Conflict; Ratification. In the event of any conflict or inconsistency between the terms and conditions of this Amendment and the terms and conditions of the Purchase Agreement, the terms and conditions of this Amendment shall control. Except to the extent modified by this Amendment, the Purchase Agreement is hereby ratified and affirmed.

4.     Counterparts; Facsimile/PDF Signatures. This Amendment may be executed in multiple separate counterparts, each of which shall be deemed to be an original, and all such separate counterparts shall constitute but one instrument. Signatures of the parties transmitted by facsimile, portable document format or other electronic means shall be deemed to be their original signatures for all legal and other purposes.

*[Signature Pages Follow]*

**IN WITNESS WHEREOF**, the parties have executed this Second Amendment to Asset Purchase Agreement as of the Effective Date.

**SELLER:**

GOODRICH QUALITY THEATERS, INC.

By: /s/ Robert Goodrich
Name: Robert Goodrich
Title: President

**BUYER:**

GOODRICH THEATER NEWCO, LLC

By: */s/ Igal Namdar*
Name: Igal Namdar
Title: Managing Member

*[Signature Page to Second Amendment to Asset Purchase Agreement]*

EAST\175087821.3