UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

Goodrich Quality Theaters, Inc.

      Debtor.
_____/

CHAPTER 11
CASE NO. 20-00759-swd
HON. SCOTT W. DALES

**FIRST INTERIM FEE APPLICATION OF KELLER & ALMASSIAN, PLC
FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE DEBTOR
FOR THE PERIOD FROM FEBRUARY 28, 2020 THROUGH JUNE 30, 2020**

NOW COMES, Keller & Almassian, PLC (the "**Applicant**" or "**K&A**"), and hereby files this First Interim Fee Application of Keller & Almassian, PLC For Payment of Compensation And Reimbursement of Expenses as Counsel to the Debtor For the Time Period of February 28, 2020 through June 30, 2020 (the "**Application**"), and respectfully states as follows:

**CASE BACKGROUND**

1. The Debtor commenced this case by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on February 25, 2020 (the "**Petition Date**"). The Debtor are operating their business and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. On April 5, 2020, the Court entered the "*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses for Professionals and Official*

*Committee Members*" (the "**Compensation Procedures Order**") [Docket No. 217] which authorizes and instructs professionals retained in this case regarding the fee application process and procedures specific to this proceeding.  K&A files this Application pursuant to such order and 11 U.S.C. §§ 330 and 331.

### REQUEST FOR COMPENSATION

4. In connection with professional services rendered to the Debtor in this case during the post-petition time period spanning from February 28, 2020 through June 30, 2020 (the "**Compensation Period**"), K&A seeks allowance and payment of compensation in the total amount of $511,226 and reimbursement of expenses in the amount of $6,766.16 (the "**Total Compensation**").

5. Of the Total Compensation amount requested, K&A has already been paid a total of $269,854.80 in fees, and $1,500.68 in expenses, pursuant to the terms of the monthly fee notice procedures detailed in the Compensation Procedures Order, under which K&A was permitted to receive 80% of the fees sought and 100% of expenses sought, on a monthly basis, subject to approval through a subsequent Interim Fee Application process (see Docket Numbers 205, 277, and 321). This Interim Application now seeks approval of the total amount of fees and expenses through June 30, 2020, including the monthly amounts previously received and the remaining 20% holdback amounts for those months.

6. Upon approval of this Application, the unpaid balance of $246,636.68 may be paid by the Debtor to K&A.  This amount consists of $67,463.70 (the remaining 20% holdback from the March, April, and May 2020 monthly fee applications), $173,907.50

(the full amount of fees sought for June of 2020), and $5,265.48 (expenses sought for June 2020).

7. K&A's legal services in this case are described in detail in the time entries located at docket entries DN 205, DN 277 and DN 321. In further support of this Application the following Exhibits are attached, **for file copy only**, as follows:

Exhibit A – Itemization of Fees included in 1st Fee Statement

Exhibit B – Itemization of Fees included in 2nd Fee Statement

Exhibit C – Itemization of Fees included in 3rd Fee Statement

Exhibit D – Itemization of June 2020 Fees.

**Compensation Standards**

8. The factors often cited by courts for considering fee applications include, inter alia; the time and labor required; the novelty and difficulty of the questions presented; the skills requisite to performing the legal services properly; the preclusion of other employment by the attorney due to acceptance of this case; the customary fee charged by such attorney; whether the fee is fixed or contingent; time limitations imposed by the client or other circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorney; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. See, In Re Boddy, 950 F. 2nd 334 (6th Cir. 1991); Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

9. K&A respectfully submits that this Application satisfies the noted standards for receiving the requested compensation. As set forth in the attached Certification of A. Todd Almassian, an attorney at K&A who has assisted in K&A's representation of the Debtor in this case, (a) K&A seeks compensation for services at its normal, customary

rates, (b) the time and services rendered by Applicant's professionals have been reasonable and necessary for the tasks that K&A was retained by the Debtor to perform, (c) K&A's professionals are duly qualified and experienced to perform the services rendered to the Debtor, (d) by devoting its time and services to Debtor, K&A was otherwise deprived of the ability to devoting such time and services to earning fees from other clients, and (e) K&A has no agreement to share any compensation awarded in Debtor's case with any person, and Applicant has been promised no compensation or reimbursement by any other party other than the Debtor.

10. Based upon the foregoing, K&A submits that it satisfies the standards required under the bankruptcy laws for receiving the requested compensation and expense reimbursements.

11. Pursuant to the Compensation Procedures Order, K&A previously received interim payments from the Debtor for 80% of the fees and 100% of the expenses requested in its monthly invoices during the Compensation Period (fees and expenses sought for June 2020 is pending as a part of this Application and hence has not been paid yet). K&A requests that the Court authorize the Debtor to pay the unpaid balance of all fees and expenses allowed by the Court.

**WHEREFORE,** K&A requests that the Court enter an order (a) awarding K&A compensation on an interim basis in the amount of $511,226 in fees and $6,766.16 in expenses (this amount includes the $269,854.80 in fees and $1,500.68 in expenses that have already been paid pursuant to the Compensation Procedures Order, (b) allowing such compensation as an administrative expense claim of the Debtor's estate pursuant to 11 U.S.C. § 503(b) and 507(a)(2); (c) subject to any applicable terms and restrictions of the

cash collateral order(s) entered in this case, authorizing the unpaid balance of such approved compensation to be paid by the Debtor; and (d) awarding K&A such other and further relief as the Court may deem just or proper.

Dated:  July 2, 2020

>Respectfully submitted,
>KELLER & ALMASSIAN, PLC
>
>/s/ A. Todd Almassian
>A. Todd Almassian (P55467)
>Greg J. Ekdahl (P67768)
>230 East Fulton Street
>Grand Rapids, MI 49503
>(616) 364-2100
>talmassian@kalwgr.com
>gekdahl@kalawgr.com