UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**GOODRICH QUALITY THEATERS, INC.**

Debtor

_____/

Case No. 20-00759-swd

Chapter 11

Hon. Scott W. Dales

## DEBTOR'S MOTION FOR PRIVATE SALE OF PERSONAL PROPERTY

The above-captioned Debtor files this motion (the "Motion"), through its attorneys, pursuant to 11 U.S.C. § 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure, and applies to the Court for an order authorizing a private sale of the Debtor's interest in personal property as described herein, and states as follows:

### INTRODUCTION

1. The Debtor is seeking authority to sell its remaining interest in certain personal property (the "Personal Property") to the landlord of a rejected lease location ("Pershing"). Pershing has an administrative expense claim in this matter that may equal approximately $100,000. The Debtor is seeking approval of this Motion because it will allow the Debtor to eliminate a potentially costly and lengthy dispute regarding the Pershing administrative claim, in exchange for the remaining movie theater personal property that is already located on the Pershing site, that has no value to any other party, and that would incur significant costs to remove and store. The Debtor proposes to now sell their remaining interest in the personal property located at the leased (and rejected) location, in exchange for a release of Pershing's administrative expense claim.

## BACKGROUND

2. On February 25, 2020 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code"). The Debtor is continuing in possession of its property and is operating and managing its businesses, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On April 2, 2020 the United States Trustee appointed a Committee of Unsecured Creditors (the "Committee") (Docket No. 203).

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. The basis for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, and applicable local rules.

6. Pursuant to a certain Second Amended and Restated Master Lease dated March 4, 2019 (the "Lease"), the Debtor leased certain nonresidential property from 30 West Pershing, LLC "Pershing"). The Lease relates to the property commonly known as 232 West Burwash, Savoy, Illinois 61874 (the "Leased Premises").

7. On March 31, 2020, the Debtor rejected the Lease in the Chapter 11 Case (see DN 193).

8. On June 30, this Court entered an Order Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Interest and Encumbrances and Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection therewith (the "Sale Order")(DN 414).

9. Pursuant to the Sale Order, the Debtor sold substantially all of its assets to Goodrich Theater Newco, LLC ("GTN"). The Pershing lease was not assumed as part of that sale transaction.

10. At this time, the Personal Property remains located at the Leased Premises, and includes (without limitation) theater seats, screens, audio and video equipment, kitchen and concession equipment, and other miscellaneous personal property items.

11. The DIP Lender and the Prepetition Agent on behalf of the Prepetition Lenders (collectively, "Lenders") hold allowed secured claims in excess of $32,750,000 (the "Secured Claims") against substantially all of the Debtor's assets, including , without limitation, the personal property referenced in this Motion in Paragraph 10.

12. Pursuant to 11 U.S.C. § 365(d)(3) and Section 503(b)(1)(A), Pershing believes it is entitled to an administrative claim for obligations under the lease that were not timely performed and occurred post-petition/prerejection, which equals approximately $100,000 (the "Pershing Administrative Claim").

13. As stated previously in the Declaration of Martin Betz attached to this Court's Order Authorizing the Debtor to Reject Certain Unexpired Real Property Leases (the "Betz Declaration")(see DN 193-1), the Personal Property is outdated and of little value to any other potential purchaser, and the cost of removal and storage of the Personal Property would be substantial and time consuming.

14. There is value, however, to Pershing because the Personal Property remains on the Leased Premises, particularly considering that the location is currently outfitted as a movie theater venue, and the considerable cost of removal, storage, and retooling of the location.

15. The Debtor, the Lenders, and Pershing now wish to resolve any remaining interest the Debtor may have in the Personal Property in exchange for the resolution of the Pershing Administrative Claim.

16. The Debtor now seeks authorization and approval to sell all of its remaining interest in the Personal Property located at the Leased Premises to Pershing free and clear of all liens, encumbrances and other interests, pursuant to 11 U.S.C. §§ 105, 363(b) and (f). The sale of the Personal Property is in exchange for the release (and withdrawal to the extent of any filed claims) of the Pershing Administrative Claim, as well as any and all of Pershing's claims in this Chapter 11 case – including but not limited to any pre-petition unsecured claims and post-petition administrative expense priority claims.

17. The purchase price for the Debtor's interest is $100,000 (the "Purchase Price"), which is the amount of the Pershing Administrative Claim to be released.

18. Pershing is the only party that would reasonably have any interest in the Personal Property because of its location on site. There is no reasonable value to be obtained from the removal, storage, and attempted sale of the personal property and there is no indication that any other party would be interested in incurring those costs for obsolete equipment. Pershing has agreed to release their Administrative Claim in this proceeding in exchange for the Personal Property. Pershing's Administrative Claim is approximately $100,000, which in the Debtor's business judgment is the best available result for the sale of the personal property.

19. Accordingly, the Debtor puts forth that Pershing is the only party that would or could be reasonably interested as a purchasing entity of the Personal Property. Further, the Lenders of the Debtor are the only other interested party who might object to such sale. The Lenders have consented to the proposed sale. In an abundance of caution, the Debtor intends to also serve this

Motion and proposed Order on all parties that have filed a UCC-1 Financing Statement as to the Debtor (list attached hereto as Exhibit A).

20. 11 U.S.C. § 363(f) permits the sale of the Personal Property by the Debtor free and clear of all interests if: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) the entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) its interest is in *bona fide* dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

21. The Lenders consent to the sale set forth in this Motion, which satisfies 11 U.S.C. § 363(f)(2).

22. Any transfer taxes or other taxes or fees imposed upon the sale of the Property will be paid by Pershing.

23. Pershing and the Debtor have negotiated the terms of this sale in good faith and at arm's length. Accordingly, Pershing is a "good faith" buyer within the meaning of Section 363(m) of the Bankruptcy Code and entitled to the protections therein and that result therefrom.

24. The Debtor believes that the Purchase Price for the Personal Property is fair and reasonable. *See Betz Declaration (DN 193-1)*.

25. The Debtor will provide notice of this Motion to the following parties, or in lieu thereof, to their counsel: (a) the United State Trustee, (b) the Debtor's secured lenders CIBC Bank, USA, Macatawa Bank, and Independent Bank, (c) the DIP Lender, (d) counsel for the Official Committee of Unsecured Creditors, (e) all parties that have filed a UCC-1 Financing Statement as to the Debtor (list attached hereto as Exhibit A, and (f) any parties that have filed notices of appearance or requests for notice. In light of the nature of the relief requested, and because no

other party would be reasonably interested in the purchase of the Personal Property, the Debtor respectfully submits that no further notice is necessary.

26. In conjunction with this Motion, the Debtor will file a Motion to request shortened notice to 14 days, because the Debtor does not believe any other parties would have an interest in this Motion, and because there is no additional purpose served, or benefit to the estate, by extending notice of this Motion beyond such time or on additional parties.

27. If no objections or responses are received within the time set for responses by the Court, and no objections are otherwise filed timely, the Debtor may file a Certification of No Response and submit an Order, substantially in the form of the attached **Exhibit B**, authorizing and approving the sale to Pershing.

28. The Debtor seeks authorization and approval of (a) the payment of customary closing costs, including fees and taxes imposed on or resulting from the sale of the Property, and (b) any customary fees that may exist or be charged in the transfer of the Property to a buyer.

29. The transfer of the Personal Property will be "as is, where is" and free and clear of all liens, interests and encumbrances.

30. In order to approve a sale of the Debtor's assets outside the ordinary course of business pursuant to section 363(b), the Court must find that the Debtor has articulated a sound business justification for the sale. *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986)(*citing Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1070 (2nd Cir. 1983)). "A sale of assets is appropriate if all provisions of §363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors." *Matter of Embrace Sys. Corp.,* 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) *quoting In re Charlesbank Laundry Co.,* 37 B.R. 20, 22 (Bankr. D. Mass. 1983). In the present case, the Debtor has set forth legitimate reasons for the sale as the sale will (a) provide a benefit to the Lenders, (b) reduce the financial

burden on the Debtor by eliminating a substantial administrative expense claim, and (c) further assist with reduction of administrative costs in this bankruptcy case generally, among other reasons.

31. The Debtor believes that the sale of the Personal Property is in the best interest of the estate and its creditors.

WHEREFORE, the Debtor requests that this Honorable Court enter the Order submitted herewith as **Exhibit B** (a) granting the Debtor authority to sell the Personal Property for the amount of $100,000.00 in the form of the waiver of the Pershing Administrative Claim, or on better terms pursuant to the procedures described in this Motion, (b) authorizing the Debtor to pay outstanding fees and taxes associated with the sale of the Personal Property, and any charges and normal closing costs that may be charged to the Debtor as a seller, if any, (c) granting a waiver of the fourteen-day stay period set forth in Federal Rules of Bankruptcy Procedure, Rule 6004(h), and (d) granting such other and further relief as this Court deems just and proper.

Dated:   July 8, 2020

Respectfully Submitted,
**KELLER & ALMASSIAN, PLC**

By: */s/ Greg J. Ekdahl*
A. Todd Almassian (P55467)
Greg J. Ekdahl (P67768)
Nicholas S. Laue (P79260)
230 E. Fulton Street
Grand Rapids, MI 49503
Telephone: (616) 364-2100
Facsimile: (616) 364-2200
Email:  talmassian@kalawgr.com
             gekdahl@kalawgr.com
             nlaue@kalawgr.com

*Counsel for the Debtor*