UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF MICHIGAN

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| GOODRICH QUALITY THEATERS, INC., | ) ) | Case No. 20-00759-swd |
| | ) | Hon. Scott W. Dales |
| Debtor. | ) | |

**Objection Deadline:  To be determined**
**Hearing Date:  To be determined**

# FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE COMMITTEE, FOR THE PERIOD FROM APRIL 3, 2020 THROUGH JULY 31, 2020

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Petition Date: | February 25, 2020 |
| Date of Retention: | *Nunc Pro Tunc* to April 3, 2020 by order signed June 2, 2020 |
| Period for which Compensation and Reimbursement is Sought: | April 3, 2020 through July 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $107,883.50[1] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $     927.02 |
| Number of Professionals Included in this Application: | 12 |
| Number of Professionals Billing Fewer Than 15 Hours: | 10 |

This is a:        monthly         interim       x  final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,500.00.

---

[1] This amount includes an additional $7,500.00 in estimated fees and costs associated with preparing, filing and hearing with regards to the Final Fee Application.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert J. Feinstein | Partner 2001; Member of NY Bar since 1982 | $1,245.00 | 4.80 | $ 5,976.00 |
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,050.00 | 20.10 | $21,105.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 55.40 | $52,630.00 |
| Shirley S. Cho | Partner 2019; Member of CA Bar since 1997; Member of NY Bar since 2002 | $ 925.00 | 0.90 | $ 832.50 |
| Gina F. Brandt | Of Counsel 2016; Member of CA Bar since 1976 | $ 825.00 | 2.50 | $ 2,062.50 |
| Steven W. Golden | Associate 2016; Member of NY & MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 12.60 | $ 7,875.00 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 0.50 | $ 225.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 425.00 | 2.70 | $ 1,147.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 9.00 | $ 3,825.00 |
| La Asia S. Canty | Paralegal 2017 | $ 425.00 | 0.20 | $ 85.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 350.00 | 1.00 | $ 350.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 2.40 | $ 840.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 9.80 | $ 3,430.00 |

**Grand Total:** $100,383.50
**Total Hours:** 121.90
**Blended Rate:** $823.49

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---:|---:|
| Asset Analysis/Recovery | 0.30 | $ 190.00 |
| Asset Disposition | 18.50 | $18,080.50 |
| Bankruptcy Litigation | 9.20 | $ 8,201.00 |
| Case Administration | 23.70 | $ 9,610.00 |
| Claims Admin./Objections | 1.30 | $ 1,240.00 |
| Compensation of Prof./Others | 0.70 | $ 565.00 |
| Executory Contracts | 0.30 | $ 305.00 |
| Financial Filings | 1.60 | $ 742.50 |
| Financing | 52.10 | $48,252.00 |
| General Creditors Committee | 8.70 | $ 8,826.00 |
| Operations | 0.70 | $ 735.00 |
| Retention of Professional | 4.80 | $ 3,636.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[2]<br>(if applicable) | Total Expenses |
|---|---|---:|
| Conference Call | Loop Up | $ 69.79 |
| CourtLink | | $ 22.88 |
| Court Research | Pacer | $ 15.10 |
| Research | Cl@s Information Services | $819.25 |

---

[2] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOODRICH QUALITY THEATERS, INC., | ) ) | Case No. 20-00759-swd |
| | ) | Hon. Scott W. Dales |
| Debtor. | ) | |

**Objection Deadline: To be determined**
**Hearing Date: To be determined**

**FIRST AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG
ZIEHL & JONES LLP, AS COUNSEL TO THE COMMITTEE,
FOR THE PERIOD FROM APRIL 3, 2020 THROUGH JULY 31, 2020**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and the Court's "Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses for Professionals and Official Committee Members," signed on or about April 5, 2020 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its First and Final Application for Compensation and for Reimbursement of Expenses for the Period from April 3, 2020 through July 31, 2020 (the "Application").

By this Application PSZ&J seeks a final allowance of compensation in the amount of $100,383.50 and actual and necessary expenses in the amount of $927.02 for a total final allowance of $101,310.52 and payment of the unpaid portion of such fees and expenses for the period April 3, 2020 through July 31, 2020 (the "Fee Period"). In addition, PSZ&J seeks

DOCS_DE:230083.2 32022/002

final allowance and payment of fees and costs incurred in the preparation, filing and service of this Application and any order thereon, and in preparing for and appearing at the hearing on this Application, up to the amount of $7,500. A proposed order is attached hereto as **Exhibit A**

## Background

1. On February 5, 2020, the Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtor continued in possession of its property and continued to operate and manage its businesses as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

2. On April 2, 2020, the United States Trustee for Regions 3 and 9 appointed the Committee to represent the interests of all unsecured creditors in this case pursuant to section 1102 of the Bankruptcy Code. On April 3, 2020, the Committee voted to retain PSZ&J as its proposed counsel and Frost Brown Todd LLC as its proposed co-counsel, subject to Court approval.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. On or about April 5, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the

monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Professionals may also file and serve interim fee applications approximately every 120 days. All fees and expenses paid are on an interim basis until final allowance by the Court. PSZ&J did not file any monthly fee statements or interim fee applications in this case. This Application is PSZ&J's first and final fee application.

    5.  The retention of PSZ&J, as Counsel for the Committee, was approved effective as of April 3, 2020 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of April 3, 2020," signed on or about June 2, 2020 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZ&J's APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**<u>Compensation Paid and Its Source</u>**

    6.  By this Application, PSZ&J requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZ&J from April 3, 2020 through July 31, 2020. PSZ&J also respectfully requests that the Court allow on a final basis, and order paid, fees and costs incurred in the preparation, filing and service of this Application and any order thereon, and in preparing for and appearing at the hearing on this Application, in an amount up to $7,500.

7. At all relevant times, PSZ&J has not represented any party having an interest adverse to the case.

8. At all relevant times, PSZ&J has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Committee or the Debtor.

9. All services for which PSZ&J requests compensation were performed for or on behalf of the Committee, and not on behalf of the Debtor, creditor or other person.

10. PSZ&J has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J did not receive a retainer in this matter.

11. The professional services and related expenses for which PSZ&J requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of PSZ&J's professional responsibilities as attorneys for the Committee in this chapter 11 case. PSZ&J's services have been necessary and beneficial to the Committee, the Debtor and its estate, creditors and other parties in interest.

**Fee Statements**

12. The fee statements for the Fee Period are attached hereto as **Exhibit B**. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Fee Period. To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

### Actual and Necessary Expenses

13.     A summary of actual and necessary expenses incurred by PSZ&J for the Fee Period is attached hereto as part of **Exhibit B**. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

14.     PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in this case.

15. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

16. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

17. The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Fee Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Fee Period, are set forth in the attached **Exhibit B**.

18. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtor's bankruptcy case, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

## Summary of Services by Project

19. The services rendered by PSZ&J during the Fee Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit B**. **Exhibit B** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.     Asset Analysis

20. This category relates to work regarding asset analysis issues.  During the Fee Period, the Firm, among other things, performed work regarding a UCC search, and reviewed and analyzed issues regarding insider payments.

    Fees:  $190.00;  Hours:  0.30

### B.     Asset Disposition

21. This category relates to work regarding sales and other asset dispositions. During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed sale-related documents; (2) reviewed and analyzed sale process and potential stalking horse issues;

(3) reviewed and analyzed a sale status report; (4) reviewed and analyzed a bid procedures motion and a sales motion; (5) updated the Committee regarding sale issues and status; (6) reviewed and analyzed bidder issues; (7) prepared for and attended a telephonic bid procedures hearing on June 12, 2020; (8) reviewed and analyzed a bid procedures order; (9) performed work regarding a Committee proposal relating to sale issues; (10) attended to sale-related financing and lender issues; (11) reviewed and analyzed bids; (12) reviewed and analyzed the Spirit objection; (13) reviewed and analyzed auction issues; (14) performed work regarding an objection to distribution provision in sale order; (15) performed work regarding negotiations relating to objection, and drafted a statement resolving distribution provision objection; (16) reviewed and analyzed wind-down issues; (17) attended to sale closing issues; and (18) corresponded and conferred regarding sale issues.

>Fees: $18,080.50;   Hours: 18.50

### C. Bankruptcy Litigation

22. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Fee Period, the Firm, among other things: (1) performed work regarding a notice of appearance; (2) performed research; (3) reviewed and analyzed issues regarding information protocol motions; (4) reviewed and analyzed critical dates; (5) performed work regarding *pro hac vice* motions; (6) prepared for and attended a telephonic Omnibus hearing on April 29, 2020; (7) reviewed and analyzed a draft motion to dismiss chapter 11 case; and (8) corresponded and conferred regarding bankruptcy litigation issues.

>Fees: $8,201.00;   Hours: 9.20

### D.  Case Administration

23.  This category relates to work regarding administration of this case. During the Fee Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained a work-in-progress memorandum; (3) maintained a Committee contact list; (4) maintained document control; and (5) corresponded and conferred regarding case administration issues.

Fees:  $9,610.00;     Hours:  23.70

### E.  Claims Administration and Objections

24.  This category relates to work regarding claims administration and claims objections.  During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed a bar date motion; (2) reviewed and analyzed administrative claim issues; and (3) corresponded and conferred regarding claim issues.

Fees:  $1,240.00;     Hours:  1.30

### F.  Compensation of Professionals--Others

25.  This category relates to issues regarding the compensation of professionals, other than the Firm.  During the Fee Period, the Firm, among other things, reviewed and analyzed an interim compensation procedures motion and order, and reviewed and analyzed fee applications of the Debtor's professionals.

Fees:  $565.00;     Hours:  0.70

### G.  Executory Contracts

26.  This category relates to issues regarding executory contracts and unexpired leases of real property.  During the Fee Period, the Firm, among other things,

reviewed and analyzed a motion to extend the time to assume or reject leases, and corresponded regarding lease issues.

                Fees: $305.00;      Hours: 0.30

**H.    Financial Filings**

27.    This category relates to issues regarding compliance with reporting requirements. During the Fee Period, the Firm, among other things, reviewed and analyzed the Debtor's Schedules and Statements and performed work regarding a summary of the Schedules and Statements, and reviewed and analyzed monthly operating report issues.

                Fees: $742.50;      Hours: 1.60

**I.    Financing**

28.    This category relates to issues regarding Debtor in Possession ("DIP") financing and use of cash collateral. During the Fee Period, the Firm, among other things: (1) reviewed and analyzed DIP financing issues; (2) attended to issues regarding a time extension relating to deadline for DIP financing objection; (3) reviewed and analyzed budget issues; (4) reviewed and analyzed DIP financing documents and UCC filings; (5) reviewed and analyzed a DIP financing motion and order; (6) performed work regarding an objection to DIP financing; (7) performed work regarding negotiations and a revised final DIP financing order; (8) reviewed and analyzed objections to DIP financing; (9) prepared for and attended a DIP financing hearing on April 15, 2020; (10) reviewed and analyzed loan documents, mortgages, and UCC search results regarding lien perfection issues; (11) reviewed and analyzed budget variance issues; (12) performed work regarding a lien perfection memorandum; (13) reviewed and analyzed a

DIP financing amendment; (14) attended to lien challenge deadline issues; (15) performed work regarding a stipulation with lenders relating to challenge issues; (16) reviewed and analyzed a final DIP financing order; (17) reviewed and analyzed a wind-down budget; and (18) corresponded and conferred regarding financing issues.

        Fees:  $48,252.00;    Hours:  52.10

### J.    General Creditors Committee

29.    This category relates to general Committee issues.  During the Fee Period, the Firm, among other things:  (1) prepared for and participated in teleconferences with the Committee, and prepared and distributed memorandums to the Committee, regarding case status and strategy issues; (2) performed work regarding by-laws; (3) reviewed and analyzed issues regarding financial advisor interviews and selection; and (4) corresponded and conferred regarding general Committee issues.

        Fees:  $8,826.00;    Hours:  8.70

### K.    Operations

30.    This category relates to issues regarding operations.  During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding operations and sale issues, and corresponded regarding operations issues.

        Fees:  $735.00;    Hours:  0.70

**L.     Retention of Professionals**

31.     This category relates to issues regarding retention of the Firm.  During the Fee Period, the Firm, among other things, performed work regarding the Firm's retention application.

Fees:  $3,636.50;     Hours:  4.80

**Valuation of Services**

32.     Attorneys and paraprofessionals of PSZ&J expended a total 121.90 hours in connection with their representation of the Committee during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert J. Feinstein | Partner 2001; Member of NY Bar since 1982 | $1,245.00 | 4.80 | $ 5,976.00 |
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,050.00 | 20.10 | $21,105.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 950.00 | 55.40 | $52,630.00 |
| Shirley S. Cho | Partner 2019; Member of CA Bar since 1997; Member of NY Bar since 2002 | $ 925.00 | 0.90 | $    832.50 |
| Gina F. Brandt | Of Counsel 2016; Member of CA Bar since 1976 | $ 825.00 | 2.50 | $ 2,062.50 |
| Steven W. Golden | Associate 2016; Member of NY & MD Bars since 2015; Member of TX Bar since 2016 | $ 625.00 | 12.60 | $ 7,875.00 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 0.50 | $    225.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 425.00 | 2.70 | $ 1,147.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 9.00 | $ 3,825.00 |
| La Asia S. Canty | Paralegal 2017 | $ 425.00 | 0.20 | $     85.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 350.00 | 1.00 | $    350.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 2.40 | $ 840.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 9.80 | $ 3,430.00 |

**Grand Total:** $100,383.50
**Total Hours:** 121.90
**Blended Rate:** $823.49

33. The nature of work performed by these persons is fully set forth in **Exhibit B** attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Committee during the Fee Period is $100,383.50.

34. The factors often cited by courts for considering fee applications include, among other things; the time and labor required; the novelty and difficulty of the questions presented; the skills requisite to performing the legal services properly; the preclusion of other employment by the attorney due to acceptance of this case; the customary fee charged by such attorney; whether the fee is fixed or contingent; time limitations imposed by the client or other circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorney; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. See, In Re Boddy, 950 F. 2nd 334 (6th Cir. 1991); Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

35. PSZ&J respectfully submits that this Application satisfies the noted standards for receiving the requested compensation: (a) PSZ&J seeks compensation for services at its normal, customary rates, (b) the time and services rendered by Applicant's professionals

have been reasonable and necessary for the tasks that the Firm was retained by the Committee to perform, (c) the Firm's professionals are duly qualified and experienced to perform the services rendered to the Committee, (d) by devoting its time and services to the Committee, the Firm was otherwise deprived of the ability to devote such time and services to earning fees from other clients, and (e) the Firm has no agreement to share any compensation awarded in this case with any person, and Applicant has been promised no compensation or reimbursement by any other party other from the Debtor if so ordered by this Court.

36. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of April 3, 2020 through July 31, 2020, a final allowance be made to PSZ&J in the sum of $100,383.50 as compensation for reasonable and necessary professional services rendered to the Committee and in the sum of $927.02 for reimbursement of actual and necessary costs and expenses incurred, for a total of $101,310.52; that the Debtor be authorized and directed, subject to any applicable cash collateral order(s) entered in this case, to pay to PSZ&J the outstanding amount of such sums as an administrative expense in this estate; that the Court allow on a final basis, and order paid, additional fees and costs incurred in the preparation, filing and service of this Application and

any order thereon, and in preparing for and appearing at the hearing on this Application, in an amount not to exceed $7,500; and for such other and further relief as this Court deems proper.

| | |
|---|---|
| Dated: August 14, 2020 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | Robert J. Feinstein, Esq. |
| | Bradford J. Sandler, Esq. |
| | Steven W. Golden, Esq. |
| | 780 Third Avenue, 34th Floor |
| | New York, NY  10017 |
| | Telephone:  (212) 561-7700 |
| | Facsimile:   (212) 561-7777 |
| | Email: rfeinstein@pszjlaw.com |
| | bsandler@pszjlaw.com |
| | sgolden@pszjlaw.com |

-and-

**FROST BROWN TODD LLC**

*/s/ Ronald E. Gold*
Ronald E. Gold, Esq.
Douglas L. Lutz, Esq.
A.J. Webb, Esq.
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile:  (513) 651-6981
Email:  rgold@fbtlaw.com
   dlutz@fbtlaw.com
   awebb@fbtlaw.com

-and-

Frost Brown Todd LLC
900 Victors Way, Suite 330
Ann Arbor, Michigan 48108
Telephone:  (734) 669-1450
Facsimile:   (734) 669-1451

*Co-Counsel to the Official Committee of Unsecured Creditors*