UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

Goodrich Quality Theaters, Inc.

　　　　　　　　　　　　　　　Debtor.
_____/

CHAPTER 11
CASE NO. 20-00759-swd
HON. SCOTT W. DALES

AMENDED FINAL FEE APPLICATION OF NOVO ADVISORS
FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTOR
FOR THE PERIOD FROM JULY 1, 2020 THROUGH SEPTEMBER 23, 2020

NOW COMES, Novo Advisors (the "**Applicant**" or "**Novo**"), and hereby files this Amended Final Fee Application of Novo Advisors For Payment of Compensation And Reimbursement of Expenses as Financial Advisor to the Debtor For the Time Period of July 1, 2020 through September 23, 2020 (the "**Application**"), and respectfully states as follows:

**CASE BACKGROUND**

1.　　The Debtor commenced this case by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on February 25, 2020 (the "**Petition Date**"). The Debtor is operating its business and managing its properties as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.　　This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.　　On April 5, 2020, the Court entered the "*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses for Professionals and Official*

*Committee Members*" (the "**Compensation Procedures Order**") [Docket No. 217] which authorizes and instructs professionals retained in this case to file their fee applications approximately every three or four months.  Novo files this Application pursuant to such order and 11 U.S.C. §§ 330 and 331.

## REQUEST FOR COMPENSATION

4. In connection with professional services rendered to the Debtor in this case during the post-petition time period spanning from July 1, 2020 through September 23, 2020 (the "**Compensation Period**"), Novo seeks allowance and payment of compensation in the amount of $33,019.00 and reimbursement of expenses in the amount of $0.00 (the "**Total Compensation**").

5. Novo has been paid a total of $416,887.30 in fees, and $7,868.88 in expenses, pursuant to the terms of the monthly fee notice procedures detailed in the Compensation Procedures Order, under which Novo was permitted to receive 80% of the fees sought and 100% of expenses sought, on a monthly basis, subject to approval through a subsequent Interim Fee Application process (see Docket Numbers 206, 287, and 325). This Interim Application was filed on July 2, 2020 (Docket Number 417) and was subsequently approved by an Order entered on July 28, 2020 (Docket Number 472). The Interim Application sought approval of the total amount of fees and expenses through June 30, 2020, including the monthly amounts previously received and the remaining 20% holdback amounts for those months.

6. Novo has now filed this Amended Final Fee Application to amend the Final Fee Application filed on August 14, 2020 [DN 491]. This Amended Application will be

served with notice and opportunity to object and hold a hearing, on 21 days notice. This Amended Application additionally seeks final allowance and payment of fees and costs incurred by Novo, not to exceed $10,000, in the course of assisting the Debtor with cash flow management issues, monitoring, reporting on the debtor-in-possession accounts, preparation of remaining Monthly Operating Reports, and overseeing the 2020 tax return preparation process, as incurred during the time period from September 23, 2020 through October 19, 2020, which is the date of the Hearing to be held in this Court on the Debtor's Motion for Entry of an Order Dismissing the Chapter 11 Case.

7. Upon approval of this Application, the unpaid balance of $33,019.00 may be paid by the Debtor to Novo.

8. Novo's services in this case are described in detail in the time entries located as an attachment, for file copy only, to this Final Application.

## COMPENSATION STANDARDS

9. The factors often cited by courts for considering fee applications include, *inter alia*; the time and labor required; the novelty and difficulty of the questions presented; the skills requisite to performing the legal services properly; the preclusion of other employment by the attorney due to acceptance of this case; the customary fee charged by such attorney; whether the fee is fixed or contingent; time limitations imposed by the client or other circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorney; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. See, In *Re Boddy*, 950 F. 2nd 334 (6th Cir. 1991); *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

10. Novo respectfully submits that this Application satisfies the noted standards for receiving the requested compensation. As set forth in the attached Certification of Jacob Grall, a director at Novo who has assisted in Novo's Financial Advisors to the Debtor in this case: (a) Novo seeks compensation for services at its normal, customary rates; (b) the time and services rendered by Applicant's professionals have been reasonable and necessary for the tasks that Novo was retained by the Debtor to perform; (c) Novo's professionals are duly qualified and experienced to perform the financial advising rendered to the Debtor; (d) by devoting its time and services to Debtor, Novo was otherwise deprived of the ability to devoting such time and services to earning fees from other clients; and (e) Novo has no agreement to share any compensation awarded in Debtor's case to Applicant with any person, and Applicant has been promised no compensation or reimbursement by any other party other than the Debtor.

11. Based upon the foregoing, Novo submits that it satisfies the standards required under the bankruptcy laws for receiving the requested compensation and expense reimbursements.

**WHEREFORE,** Novo requests that the Court enter an order (a) awarding Novo compensation in the amount of $33,019.00 in fees and $0.00 in expenses; (b) allowing such compensation as an administrative expense claim of the Debtor's estate pursuant to 11 U.S.C. § 503(b) and 507(a)(2); (c) subject to any applicable terms and restrictions of the cash collateral order(s) entered in this case, authorizing the unpaid balance of such approved compensation to be paid by the Debtor; and (d) awarding Novo such other and further relief as the Court may deem just or proper.

Dated:  September 23, 2020

        Respectfully submitted,
        NOVO ADVISORS


        /s/Jacob Grall
        Jacob Grall
        401 N. Franklin, Suite 4 East
        Chicago IL 60654


Filed with the assistance of:

KELLER & ALMASSIAN, PLC

/s/ Greg J. Ekdahl
A. Todd Almassian (P55467)
Greg J. Ekdahl (P67768)
Nicholas S. Laue (P79260)
230 East Fulton Street
Grand Rapids, MI 49503
(616) 364-2100
talmassian@kalawgr.com
gekdahl@kalawgr.com
nlaue@kalawgr.com